IN THE MATTER OF: THE APPEAL OF ELE, INC., FROM THE DENIAL OF PRESENT USE VALUE TREATMENT FOR CERTAIN OF ITS REAL PROPERTY BY THE BERTIE COUNTY BOARD OF COMMISSIONERS FOR 1986

No. 8810PTC828

(Filed 6 February 1990)

1. **Taxation § 25.4 (NCI3d) — ad valorem taxes — farmland — corporate stock held briefly by another corporation — present use value assessment**

Ownership of a corporate taxpayer's stock by a family corporation for a brief period of time during a reorganization of the family corporation in 1984 which allowed two brothers to divide farmland without substantial federal income tax liabilities did not prohibit present use value assessment and taxation of the corporate taxpayer's farmland for 1984-1986. N.C.G.S. § 105-277.3(b).

**Am Jur 2d, State and Local Taxation §§ 188, 203.**

2. **Taxation § 25.7 (NCI3d) — ad valorem taxes — present use assessment — consideration of Internal Revenue Code**

It was not prejudicial error for the Property Tax Commission to consider Internal Revenue Code provisions under which a corporate reorganization was accomplished in determining whether the corporate taxpayer was entitled to present use value assessment of its farmland for certain years.

**Am Jur 2d, State and Local Taxation §§ 188, 203.**

Judge GREENE dissenting.

APPEAL by Bertie County from the Final Decision of the Property Tax Commission, sitting as the State Board of Equalization and Review, dated 10 March 1988 in WAKE County. Heard in the Court of Appeals 22 February 1989.

IN RE APPEAL OF ELE, INC.

[97 N.C. App. 253 (1990)]

*Smith and Daly, P.A., by Lloyd C. Smith, Jr., and Roswald B. Daly, Jr., for respondent appellant.*

*Baker, Jenkins & Jones, P.A., by Robert C. Jenkins and W. Hugh Jones, Jr., for taxpayer appellee.*

COZORT, Judge.

[1] The question before the Court in this case is whether the taxpayer's property in Bertie County is subject to present use value assessment and taxation for the years 1984, 1985, and 1986. The Bertie County Board of Commissioners denied the taxpayer's application for present use value assessment and taxation. The Property Tax Commission reversed, holding that the property in question qualified for present use value assessment and taxation. We affirm.

The land which is the subject of this appeal was owned by E. R. Evans, Sr., until 1963. In that year, Evans incorporated his agriculture and farming business, which included substantial farmland in Bertie and Hertford Counties, under the name of E. R. Evans & Sons, Inc. E. R. Evans, Sr., died in 1974, leaving his surviving sons, E. R. Evans, Jr., and Ernest L. Evans, majority stockholders in the corporation. By 1982, E. R. Evans, Jr., and Ernest L. Evans had acquired the remainder of the stock of E. R. Evans & Sons, Inc., with each brother owning 50% of the stock. In 1983, E. R. Evans, Jr., and Ernest L. Evans decided to divide the business into two equal parts. About one-half of the farmland was located in Bertie County, and about one-half of the land was located in Hertford County. It was agreed that E. R. Evans, Jr., would operate the farm located in Hertford County, and Ernest L. Evans would operate the farm in Bertie County. A decision was made to reorganize the corporation in accordance with provisions of Internal Revenue Code and Treasury Regulations adopted thereunder so that the resulting division of the corporation would be nontaxable under federal law. As a part of that reorganization plan, a new corporation, titled ELE, Inc., was created. The stock of ELE, Inc., was titled to E. R. Evans & Sons, Inc. E. R. Evans & Sons, Inc., transferred the real property in Bertie County to ELE, Inc. Ernest L. Evans transferred his stock in E. R. Evans & Sons, Inc. to E. R. Evans & Sons, Inc. E. R. Evans & Sons, Inc., then transferred the ELE, Inc., stock to Ernest L. Evans. The parties intended a simultaneous transaction; however, E. R.

IN RE APPEAL OF ELE, INC.

[97 N.C. App. 253 (1990)]

Evans, Jr., was not available to execute the documents when the transactions began. Thus, E. R. Evans & Sons, Inc., owned all of the outstanding stock of ELE, Inc., from 29 February 1984 until 2 March 1984, when the stock was transferred to Ernest L. Evans.

ELE, Inc., made timely application to the Bertie County Tax Supervisor for taxation of its real property on the basis of its present use value for the years 1984, 1985 and 1986. The Board of Commissioners of Bertie County met in regular session on 6 October 1986, and denied the present use value application submitted by ELE, Inc. ELE, Inc., applied for review of the County's decision before the North Carolina Property Tax Commission, sitting as the State Board of Equalization and Review. In a decision dated 10 March 1988, the Property Tax Commission reversed the decision of the Bertie County Board of Commissioners. The County appeals.

The issue before this Court is whether the Property Tax Commission's decision is an erroneous interpretation of certain provisions of Chapter 105 of the General Statutes of North Carolina. The specific statutes in question, N.C. Gen. Stat. §§ 105-277.2 to -277.7, permit "preferential assessment of agricultural, forest, and horticultural lands which reduces the property tax burden of the landowner." *W. R. Co. v. Property Tax Comm.*, 48 N.C. App. 245, 257, 269 S.E.2d 636, 643 (1980), *disc. review denied*, 301 N.C. 727, 276 S.E.2d 287 (1981). In the case below, for example, the county appraised the land in question at a market value of $2,889,641.00, while the taxpayer appraised the property at its present use value of $2,079,953.00.

Before the land can qualify for present use value assessment and taxation, it must be individually owned. N.C. Gen. Stat. § 105-277.3(a)(1) and (3) (1989). Individually owned is defined by statute to mean owned by a "natural person" or a corporation which has as its principal business certain specified activities and whose shareholders are all natural persons actively engaged in the business of the corporation or a relative of a shareholder who is actively engaged in the business of the corporation. N.C. Gen. Stat. § 105-277.2(4)(a) and (b) (1989). There is no dispute that ELE, Inc., has as its principal business one of the specified activities. An additional requirement, however, is that if the land in question is owned by the corporation, the property must have been owned by the corporation or by one or more of its principal shareholders

for the four years immediately preceding January 1 of the year for which present use value assessment and taxation is claimed. N.C. Gen. Stat. § 105-277.3(b) (1989). The County contends that ownership of the ELE, Inc., stock by E. R. Evans & Sons, Inc., for the brief period of time during the corporate reorganization in 1984, prohibits present use value assessment and taxation under the statutory scheme. We disagree.

The Property Tax Commission concluded that ELE, Inc., qualified for present use treatment for the years 1984, 1985 and 1986. The Commission concluded that, while

> the statute does not normally contemplate the ownership of one corporation by another, the facts in this case reveal that Ernest L. Evans, with his brother, owned the subject property *prior to* the reorganization through his 50% ownership of stock in E. R. Evans & Sons, Inc. *During* the reorganization, Ernest L. Evans, with his brother, owned the subject property through his 50% ownership of stock in E. R. Evans & Sons, Inc.; E. R. Evans & Sons, Inc., owned 100% of ELE, Inc. during this brief period. *After* the reorganization, Ernest L. Evans owned 100% of ELE, Inc. and through that corporation gained exclusive ownership and control over the subject property.

> To deny present use treatment to ELE, Inc. under the circumstances of this case would be contrary to the legislative intent expressed in *W. R. Co. v. Commission, supra,* to allow the use of family corporations as an estate planning device. The Commission, looking at the *substance* of these transactions rather than their form, finds no reason to deny present use treatment to the corporation owned by Ernest L. Evans where the statute clearly allows present use treatment for the corporation owned by E. R. Evans, Jr. [Emphasis in original.]

The standard of review of decisions of the Property Tax Commission is as follows: the appellate court is to decide all relevant questions of law and interpret constitutional and statutory provisions to determine whether the decision of the Commission is in violation of constitutional provisions; in excess of statutory authority or jurisdiction of the Commission; made upon unlawful proceedings; affected by other errors of law; unsupported by competent, material and substantial evidence in view of the entire record as submitted; or arbitrary and capricious. The court shall review the whole record in making its determination of the Commission's decision. N.C.

**IN RE APPEAL OF ELE, INC.**

[97 N.C. App. 253 (1990)]

Gen. Stat. § 105-345.2. *See generally In re McElwee*, 304 N.C. 68, 73-74, 283 S.E.2d 115, 119-20 (1981).

The County's principal argument is that the decision of the Property Tax Commission below is affected by other errors of law, in that the Commission did not correctly interpret the applicable statutes in arriving at the conclusion that ELE, Inc., was entitled to the present use treatment. We find no error in the Commission's interpretation of the applicable statutes.

Legislation permitting preferential assessment of agricultural and forest lands which reduces the property tax burden of the landowner was first enacted by the 1973 General Assembly. The General Assembly limited those owners who could seek preferential valuation of their property. As originally written, the present use valuation was available only for land owned by individuals, which was defined in the statute as being a natural person or persons and not a corporation. In 1975, the legislature expanded the definition of "individually owned" property to include property owned by a corporation having as its principal business one of the specified activities and whose shareholders are natural persons actively engaged in such activities or the relatives of such persons. Thus, "family corporations" involved in farming were permitted to qualify for present use valuation. The legislation authorizing these family corporations to qualify for preferential treatment was enacted at a time when farm families were advised to incorporate for estate planning purposes. *W. R. Company v. Property Tax Commission*, 48 N.C. App. at 257-59, 269 S.E.2d at 643-44.

We find the decision of the Property Tax Commission in this matter to be consistent with the legislative intent as set forth in *W. R. Company v. Property Tax Commission*. The first corporation, E. R. Evans & Sons, Inc., was a family corporation involved in a family farming business. The division of the farming operation between the two brothers continued the family farming operation. The brief ownership of the ELE, Inc., stock by E. R. Evans & Sons, Inc., was not ownership and control in derogation of the statutory scheme authorizing the present use treatment. Instead, it was merely a corporate reorganization device which allowed the two brothers to divide the farm assets without incurring substantial federal income tax liabilities. To hold to the contrary would be unfair to Ernest L. Evans, the sole shareholder of ELE, Inc., as the County has conceded. We hold that the Property Tax Com-

**IN RE APPEAL OF ELE, INC.**

[97 N.C. App. 253 (1990)]

mission did not err in its decision concluding that ELE, Inc., was entitled to the present use treatment for the years in question.

[2] The County has also contended that the Commission erred by making findings of fact which were not supported by the evidence and by basing its decision, in part, on the provisions of the Internal Revenue Code and the Treasury Regulations under which the corporate reorganization was accomplished so that the property could be divided without incurring substantial federal income tax liabilities. The allegedly erroneous findings of fact identified by the County were not a substantial factor in the decision of the case, and any error would thus not be prejudicial. We also conclude that it was not prejudicial error for the Property Tax Commission to give consideration to the Internal Revenue Code provisions under which the corporate reorganization was accomplished. *See* N.C. Gen. Stat. § 105-345.2(c) (1989).

The decision of the Property Tax Commission is

Affirmed.

Judge LEWIS concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

The issue is not as the majority suggests, whether "ownership of the ELE, Inc., stock by E. R. Evans & Sons, Inc., for the brief period of time during the corporate reorganization in 1982, prohibits present[-]use value assessment and taxation . . ." The issue is whether either ELE, Inc., or any of its majority stockholders have either separately or in combination owned the property in question for four years prior to January 1 of the year for which ELE, Inc., claims present-use treatment. I determine that they have not.

ELE, Inc., claims present-use treatment for the years 1984-86. Thus, we must look to the four years preceding 1984-86 to determine ownership, 1980-83. ELE, Inc., acquired the property on 29 February 1984 from E. R. Evans & Sons, Inc., who had owned the property since 1962. The sole stockholder of ELE, Inc., as of 29 February 1984, the date of its creation, was E. R. Evans & Sons, Inc., who transferred its stock to Ernest L. Evans on

2 March 1984. ELE, Inc., did not own the property a sufficient time to qualify for any of the years 1984, 1985 or 1986. Because E. R. Evans & Sons, Inc., is not a natural person, its ownership cannot be tacked onto ELE's ownership to calculate the four-year ownership period. N.C.G.S. § 105-277.2(4)(b) (corporate-shareholder does not qualify as natural person). Furthermore, Ernest L. Evans's ownership in E. R. Evans & Sons, Inc., is indirect and does not qualify for tacking his ownership onto his present ownership in ELE, Inc. The plain language of the statute requires *actual* ownership of the property by the corporate owner or by one of its principal shareholders. *Id.*

I believe that the statute is clear and unambiguous, and that the decision of the Property Tax Commission to grant the present-use valuation must be reversed because it was affected by an error of law. N.C.G.S. § 105-345.2(b)(4). To do otherwise would be to interpolate an exception, as the majority has done, into the clear language of the statute. Any exceptions should be left to the Legislature. *See* N.C.G.S. § 105-277.3(b) (exception to four-year requirement created for natural persons if property is the "owner's place of residence").