**IN RE APPEAL OF VALLEY PROTEINS, INC.**

[128 N.C. App. 151 (1997)]

IN THE MATTER OF: APPEAL OF VALLEY PROTEINS, INC.

No. COA97-219

(Filed 16 December 1997)

**Taxation § 27 (NCI4th)— exemption for resource recovery equipment—request on tax listing—failure to file approved form—substantial compliance with statute**

A taxpayer's application for an exemption from taxation for recycling and resource recovery equipment was timely filed in substantial compliance with N.C.G.S. § 105-282.1 within the calendar year for which it claimed the exemption, although it was not filed on the approved form, where the taxpayer's listing for the year set forth its intent to claim the exemption and provided the pertinent information; the county received a certification from DEHNR that the taxpayer's property qualified for the exemption; the taxpayer had successfully claimed the exemption for the preceding three years without filing the requisite form; the county for years had recognized the exemption without requiring the filing of a specific form; and there is no evidence that the county was prejudiced by the taxpayer's failure to file the specified form.

Appeal by Anson County from a decision of the Property Tax Commission entered 1 November 1996 by Vice Chairman Terry L. Wheeler. Heard in the Court of Appeals 23 October 1997.

*H.P. Taylor, Jr., for Valley Proteins, Inc., taxpayer-appellee.*

*Poisson, Poisson, Bower & Clodfelter, by George C. Bower, Jr., for Anson County-appellant.*

LEWIS, Judge.

The County argues two errors on appeal. We hold that the Property Tax Commission ("the Commission") did not err in granting Valley Protein's ("taxpayer's") property tax exemption for 1994 and therefore we affirm its decision.

Taxpayer is a corporation conducting business in Anson County, North Carolina. Taxpayer produces animal food products from meat and poultry waste products. Taxpayer uses recycling and resource recovery personal property in its business. In 1991, 1992, and 1993, taxpayer applied for and was allowed an exemption for recycling

IN RE APPEAL OF VALLEY PROTEINS, INC.

[128 N.C. App. 151 (1997)]

and resource recovery (Res Rec) equipment facilities pursuant to N.C. Gen. Stat. section 105-282.1 (1995). In the 1994 tax year, taxpayer listed its taxes, specifying in its listing a value for construction in progress, and stating its estimation of the amount that would qualify for the Res Rec exemption. Taxpayer's listing stated in pertinent part:

As of December 31, 1993, the total amount of construction in progress is $5,240,478.00. Of this amount, $430,000 is non RES REC items. Non RES REC consists of:

| | |
|---|---|
| Concrete Pads | $ 30,000 |
| Silo | $100,000 |
| Grease Tanks | $200,000 |
| Other items | $100,000 |

The North Carolina DEHNR will make on site inspection to denote the items that are not RES REC and the ones that are RES REC. As a result of such determination, if DEHNR directs that some of the items deemed RES REC are not RES REC, then taxpayer will take the necessary steps to correct the listing returns.

On 17 August 1994, taxpayer's tax advisor forwarded a letter to the Anson County Tax Office listing the items it claimed to be exempt and stating that they were "being submitted to [the] proper State agency for their inspection and approval." On 20 October 1994, taxpayer left a note at the tax assessor's office stating the date and time that the Department of Environment, Health and Natural Resources ("DEHNR") would inspect the company. On 12 December 1994, DEHNR forwarded a copy of its tax certification to the County tax supervisor stating that it had inspected the taxpayer's resource recovery and recycling facilities and found that they met the requirements of the "Standards for Special Tax Treatment of Recycling and Resource Recovery Equipment and Facilities."

On 12 December 1994, DEHNR mailed the Anson County Tax Assessor a copy of the tax certification for 1994 indicating that taxpayer's property met the requirements for a Res Rec exemption. In February 1995, the Tax Assessor advised the taxpayer that its exemption was denied because it had not filed its exemption on the proper form, form AV-10, "Application for Property Tax Exemption." Taxpayer submitted an application for exemption on the AV-10 form on 6 September 1995 in order to receive a formal decision from which to appeal. The Assessor and two Boards of Commissioners denied the

**IN RE APPEAL OF VALLEY PROTEINS, INC.**

[128 N.C. App. 151 (1997)]

application on the grounds that it was not filed within the 1994 tax listing year. Taxpayer appealed to the full Property Tax Commission. The Commission, in a decision entered 1 November 1996, granted taxpayer's property tax exemption.

In its decision, the Commission found as fact that taxpayer met the standards for its requested exemption, that taxpayer had "furnished all pertinent information that [was] required by the AV-10 form in its listing;" that for the years 1991, 1992, and 1993, the County had allowed taxpayer the Res Rec exemption without requiring the taxpayer to file an AV-10 form; and that the County was not prejudiced by taxpayer's failure to file the proper application form. Based upon its findings, the Commission concluded that taxpayer had substantially complied with the law, in applying for the property tax exemption, when it submitted its 1994 tax listing. The County appeals.

The standard of review of decisions of the Property Tax Commission is as follows: the appellate court is to decide all relevant questions of law and interpret constitutional and statutory provisions to determine whether the decision of the Commission is in violation of constitutional provisions; in excess of statutory authority or jurisdiction of the Commission; made upon unlawful proceedings; affected by other errors of law; unsupported by competent, material and substantial evidence in view of the entire record as submitted; or arbitrary and capricious. The court shall review the whole record. *In Re Appeal of Ele, Inc.*, 97 N.C. App. 253, 256, 388 S.E.2d 241, 244 (1990).

The dispositive issue on appeal is whether taxpayer's listing setting forth its intent to claim a Res Rec property tax exemption satisfies the requirements of G.S. 105-282.1. The County argues that because taxpayer did not properly submit its application for exemption on a form AV-10 until September 1995, pursuant to G.S. 105-282.1(a)(5), its exemption only applies to property taxes for the year in which it was filed, and taxpayer may not receive an exemption for tax year 1994.

G.S. 105-282.1(a) provides in part:

Every owner of property claiming exemption or exclusion from property taxes under the provisions of this Subchapter has the burden of establishing that the property is entitled thereto. Except as provided below, an owner claiming exemption or exclusion shall annually file an application for exemption or

exclusion during the listing period. If the property for which the exemption or exclusion is claimed is appraised by the Department of Revenue, the application shall be filed with the Department. Otherwise, the application shall be filed with the assessor of the county in which the property is situated. *An application must contain a complete and accurate statement of the facts that entitle the property to the exemption or exclusion and must indicate the municipality, if any, in which the property is located. Each application filed with the Department of Revenue or an assessor shall be submitted on a form approved by the Department.* Application forms shall be made available by the assessor and the Department, as appropriate.

(emphasis added).

G.S. § 105-282.1(a)(5) provides:

Upon a showing of good cause by the applicant for failure to make a timely application, an application for exemption or exclusion filed after the close of the listing period may be approved . . . . *An untimely application for exemption or exclusion approved under this subdivision applies only to property taxes levied by the county or municipality in the calendar year in which the untimely application is filed.*

(emphasis added).

The County, relying on the provisions above, maintains that taxpayer was required to submit its application for exemption on a "form approved by the Department," and its failure to do so requires that its untimely exemption "appl[y] only to property taxes levied . . . in the year in which the untimely application [was] filed." Apparently, the County urges this Court to interpret "shall be submitted on a form" as a mandatory requirement. "Whether a particular provision in a Statute is regarded as mandatory or directory depends more on the purpose of the statute than upon the particular language used." *Society v. Bridges*, 235 N.C. 125, 130 (1952). We discern the purpose of G.S. § 105-282.1 to be to establish a uniform method of informing a county of a property owner's intent to claim a tax exemption.

In this case, we find, and appellant does not dispute, that the County clearly had notice of taxpayer's intent to claim an exemption, and notice of the particularities of that situation. The County received a detailed listing of the property claimed. The County received certification from DEHNR that taxpayer's property qualified for its

**IN RE APPEAL OF VALLEY PROTEINS, INC.**

[128 N.C. App. 151 (1997)]

requested exemption, and the County received this notice in December of 1994. Even if it had used the proper form, taxpayer could not have qualified for the Res Rec exemption without the requisite certification from DEHNR. N.C. Gen. Stat. § 105-275(b) (1995). Moreover, the County knew that any Res Rec exemption must be approved by DEHNR. The County's own testimony was to the effect that, with regard to exemptions filed, "[W]e know that we anticipate a change in the value that's not going to be taxed and the amount to be reduced. We wait for the State to notify us what form is used and the amount of money or value." The interim tax assessor's testimony also revealed that, in general, the businesses in Anson County do not appear to observe the formalities of the statute; instead, they merely "bring something in, whatever the case may be, put somewhere that there might be something there, and then we just go ahead and process all of our listing if everything comes in like it's supposed to."

In conclusion, taxpayer claimed the Res Rec exemption successfully for several years without filing the requisite form; the County for years recognized the exemption without requiring the filing of a specific form; taxpayer notified the County of its intent to claim the exemption in its listing; DEHNR, responsible for approving such claims, did, in fact, approve the exemption and forwarded notice to the County in 1994; and there is no evidence that the County was prejudiced by taxpayer's failure to file the specified form. Taxpayer, based on this particular set of facts, has complied with the purpose of the application requirement of G.S. § 105-282.1 and is entitled to the exemption for the tax year 1994. As our Supreme Court has noted, "[W]here a strict literal interpretation of the language of a statute would contravene the manifest purpose of the Legislature, the reason and the purpose of the law should control, and the strict letter thereof should be disregarded." *Duncan v. Carpenter*, 233 N.C. 422, 426, 64 S.E.2d 410, 413-14 (1951), *overruled in part on other grounds by Taylor v. Stevens & Co.*, 300 N.C. 94, 265 S.E.2d 144 (1980). To hold that taxpayer did not file a property tax exemption application in tax year 1994, based on the facts before us, would contravene the purpose of the statute. The County was clearly aware of taxpayer's intent and received all of the relevant information it needed. We hold that taxpayer's application was timely filed in substantial compliance with the statue within the calendar year for which it claimed the exemption.

The decision of the Commission is affirmed.

Affirmed.

Judges MARTIN, John C., and McGEE concur.