ERWIN v. TWEED

[142 N.C. App. 643 (2001)]

Reverse and Remand.

Judges WALKER and SMITH concur.

━━━━━━━━━

WALTER CLARK ERWIN, Plaintiff v. LENA LOWDERMILK TWEED, Defendant

No. COA00-250

(Filed 3 April 2001)

## 1. Insurance— UIM coverage—family farm trust vehicles—individually owned

The trial court correctly granted summary judgment for plaintiff in a declaratory judgment action to determine UIM coverage for vehicles owned by a family farm trust where defendant contended that plaintiff was not entitled to coverage because the farm trust had a legally independent existence. The General Assembly has recognized the importance of maintaining the family farm, whatever legal entity it assumes, and has enacted legislation treating family farms differently in insurance regulations and for property tax purposes. Vehicles owned by the family farm trust on this record are to be treated as "individually owned" for insurance purposes; the present occupier of the farm, who is a 20% owner and trustee, is the named insured; and any family member residing in the same household is a class I insured under the policy.

## 2. Insurance— UIM coverage—stacking—private passenger or fleet vehicle—weight of vehicle—issue of fact

The trial court erred in a declaratory judgment action to determine UIM coverage by finding that a business auto policy could be stacked with a personal auto policy and granting summary judgment for plaintiff. An insured party may only stack interpolicy underinsured motorist coverages for non-fleet private passenger vehicles; the weight of the vehicle determines whether it is a private passenger vehicle or a fleet vehicle and there was no information here conclusively determining the weight. N.C.G.S. § 58-40-10(b).

**ERWIN v. TWEED**

[142 N.C. App. 643 (2001)]

### 3. Insurance— UIM claim—notice to insurer

Defendant-insurer's agents had prompt notice of plaintiff's UIM claim where plaintiff stated that he was in and out of defendant's local office almost daily to chat and discuss various matters relating to his insurance with his personal agent and that he was "virtually certain" that various members of the office inquired about his son's health and accident recovery progress.

Appeal by defendant from order and declaratory judgment entered 11 December 1999 by Judge James U. Downs in Burke County Superior Court. Heard in the Court of Appeals 22 January 2001.

*Bryce Thomas & Associates, by Bryce O. Thomas, Jr., for the plaintiff-appellee.*

*Willardson & Lipscomb, L.L.P., by William F. Lipscomb, for unnamed defendant-appellant.*

EAGLES, Chief Judge.

Unnamed defendant (hereinafter "Farm Bureau") appeals from the order and declaratory judgment finding that the plaintiff was entitled to underinsured motorist coverage under two insurance policies. The polices covered vehicles owned by Bellevue Farm Trust ("hereinafter BFT"). Plaintiff lives on Bellevue Farm with his parents and is a beneficiary of BFT.

The evidence presented at the hearing tends to show the following. On 19 December 1993 plaintiff, the 15 year old child of W.C. Erwin, Jr., was struck and injured on his bicycle by the vehicle driven by defendant Tweed. Defendant Tweed's vehicle was covered by a policy issued by State Auto Insurance Company which provided bodily injury coverage in the amount of $50,000.00 per person. State Auto tendered its limits—$12,666.00 to plaintiff's parents for medical bills, and the balance of $37,334.00 to plaintiff. On 16 October 1996 plaintiff notified unnamed defendant in writing of a UIM claim. Plaintiff argues he is entitled to UIM coverage under three policies issued by Farm Bureau. Farm Bureau Policy No. AP 3725121 is issued to plaintiff's parents. Farm Bureau Policy Nos. BAP 2040951 and AP 3915189 are issued to BFT. All three provide UIM coverage. Farm Bureau does not dispute coverage under Policy No. AP 3725121, however it denies coverage under policy Nos. BAP 2040951 and AP 3915189 on the basis

that plaintiff is not a family member of BFT and was not in a covered auto at the time of the accident.

[1] The UIM coverage provisions of the Farm Bureau policy allow insureds to recover for personal injuries, defining "insured" as:

1. You or any family member.

2. Any other person occupying:

a. your covered auto; or

b. any other auto operated by you.

3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person listed in 1. or 2. above.

Farm Bureau argues that since the insured in these two policies is BFT, and plaintiff was not in a covered auto, plaintiff's injuries are not covered. Farm Bureau relies on *Busby v. Simmons*, 103 N.C. App. 592, 406 S.E.2d 628 (1991) and *Stockton v. N.C. Farm Bureau*, 139 N.C. App. 196, 532 S.E.2d 566, *disc. rev. denied*, 352 N.C. 683, 545 S.E.2d 727 (2000), in support of this position. In *Busby*, the policy covered a sub-chapter S corporation's vehicles. The corporation was owned 2/3 by the plaintiff and 1/3 by plaintiff's father. The *Busby* plaintiff was not in a covered auto at the time of the accident. This Court held that "named insured" did not include "officers, directors or stockholders of a corporation when the named insured is a corporation." *Busby*, 103 N.C. App. at 596, 406 S.E.2d at 630. In *Stockton*, the named insured was "Oak Farm." *Stockton*, 139 N.C. App. at 197, 532 S.E.2d at 567. "Oak Farm" is the name of an unincorporated piece of land. *Id.* at 200, 532 S.E.2d at 568. A family lives on it and farms it, but Oak Farm is not a separate legal entity and has no independent legal existence. *Id.* This Court held that Oak Farm was indistinguishable from the owners of Oak Farm and concluded that UIM coverage was available for family members of Oak Farm's owners even though they were not injured in a covered vehicle. *Id.* Farm Bureau argues that if the named insured, unlike *Stockton*, has a legally independent existence and is not an individual, then there can be no coverage for insureds not actually occupying a covered automobile. Farm Bureau reasons that since there is a trust document for BFT and trusts are recognized as legal entities, then insureds of BFT not in a covered automobile, such as plaintiff, are not entitled to UIM coverage under those policies. As applied in the context of family farms, we disagree.

I. Legislative Treatment of Family Farms

A. Taxation

The United States Congress has recognized the special problems facing a family farmer and efforts to preserve the family farm for future generations. Chapter 11 of the Internal Revenue Code (Estate Tax) allows for present use valuation of lands used in a farming enterprise. 26 U.S.C.A. § 2032A. "The statute is designed to encourage the continued use of real property for farming . . . ." *Smoot v. Commissioner of Internal Revenue*, 1987 WL 49387 (C.D.Ill. 1987). Because the fair market value of property represents the "highest and best use" to which the property could be used, rather than the current use, families are often forced to sell farms in order to pay estate taxes. *Smoot v. U.S.*, 892 F.2d 597, 600 (1989). Congress permits complying farms to be valued according to their present use which is often much lower than their fair market value. *Id.* "Congress 'intended to preserve the family farm . . ., [a] very important American institution[s], both economically and culturally.' " *Id.*, 1976 Ways and Means Report at 5, 1976 U.S. Code Cong. & Admin.News at 3359. Our General Assembly also recognizes the importance of maintaining the family farm, whatever legal entity it assumes. In *In re Appeal of ELE Inc.*, 97 N.C. App. 253, 388 S.E.2d 241 (1990), this Court upheld the intention of the General Assembly to preferentially treat certain agricultural lands for purposes of property taxation. *Id.* at 257, 388 S.E.2d at 244.

> As originally written, the present use valuation was available only for land owned by individuals, which was defined in the statute as being a natural person or persons and not a corporation. In 1975, the legislature expanded the definition of "individually owned" property to include property owned by a corporation having as its principal business one of the specified activities and whose shareholders are natural persons actively engaged in such activities or the relatives of such persons. Thus "family corporations" involved in farming were permitted to qualify for present use valuation. The legislation authorizing these family corporations to qualify for preferential treatment was enacted at a time when farm families were advised to incorporate for estate planning purposes.

*Id.* (citation omitted). The current statute authorizing present use valuation has further expanded the definition of an "individually owned" farm to include family trusts.

(4) Individually owned.—Owned by one of the following:

. . . .

(c) A trust that was created by a natural person who transferred the land to the trust and each of whose beneficiaries who is currently entitled to receive income or principal meets one of the following conditions:

    1. Is the creator of the trust or the creator's relative.

    2. Is a second trust whose beneficiaries who are currently entitled to receive income or principal are all either the creator of the first trust or the creator's relatives.

G.S. § 105-277.2(4)(c) (1996). These preferential valuations of lands farmed by families exist as a mechanism to assist family farmers in maintaining their farms for future generations. Depending on the value of the family farm, for estate tax purposes it is often beneficial for the farm to be incorporated or for the owner to place it in trust for his relatives. This allows the owner of the property to use the present use valuation of the property as of the date of the transaction. G.S. § 105-277.3. In addition, this serves to reduce the estate tax. 26 U.S.C.A. § 2032A.

Placing the property in trust or incorporating the farm rarely has an impact on the income tax liability of the farmer-owners. However, these mechanisms do help families to pass their lands to the next generation without subjecting the farms to urbanization and skyrocketing property values. The General Assembly has determined that incorporation of a family farm or placing a family farm in trust will not prevent the land from being valued based solely on its ability to produce income. G.S. § 105-277.2(4)(c) (1996).

B. Insurance

In addition, the General Assembly has enacted legislation which treats family farm entities differently from other businesses in insurance regulations.

(1) "Private passenger motor vehicle" means:

    a. A motor vehicle of the private passenger or station wagon type that is owned or hired under a long-term contract by the policy named insured and that is neither used as a public or livery conveyance for passengers nor rented to others without a driver; or

b. A motor vehicle that is a pickup truck or van that is owned by an individual or by husband and wife or individuals who are residents of the same household if it:

1. Has a gross vehicle weight as specified by the manufacturer of less than 10,000 pounds; and

2. Is not used for the delivery or transportation of goods or materials unless such use is (i) incidental to the insured's business of installing, maintaining, or repairing furnishings or equipment, or (ii) for farming or ranching.

Such vehicles owned by a family farm copartnership or a family farm corporation shall be considered owned by an individual for the purposes of this section;

G.S. § 58-40-10. This section specifically states that vehicles used for farming, whether owned by a natural person or a family farm business entity are considered "individually owned" for the purposes of insurance. *Id.* Again, the General Assembly has recognized that many family farmers choose business entities other than sole proprietorships as methods of preserving the farm for future generations. The General Assembly has specified that a vehicle owned by a family farm copartnership or a family farm corporation is not transformed into a fleet vehicle for insurance purposes. *Id.* We hold that for liability insurance purposes there is no substantial difference between a family farm copartnership or a family farm corporation and a family farm trust.

Accordingly, on this record, we hold that vehicles owned by BFT, a family farm trust, shall be treated as "individually owned" for insurance purposes. W.C. Erwin, Jr. the present occupier of Bellevue Farm, 20% owner of Bellevue Farm and trustee of BFT, is properly considered the named insured. Any family member residing in the same household as W.C. Erwin, Jr. is a class I insured under policy Nos. BAP 2040951 and AP 3915189.

II. Interpolicy Stacking

[2] Farm Bureau next assigns as error the trial court's finding that the business auto policy could be stacked with the personal auto policies. The business auto policy covers an 1973 International dump truck. An insured party is only permitted to stack interpolicy underinsured motorist coverages for non-fleet private passenger type vehi-

cles. *N.C. Farm Bureau Mut. Ins. Co. v. Stamper*, 122 N.C. App. 254, 258, 468 S.E.2d 584, 586 (1996); G.S. § 20-279.21(b)(4) (1999). Farm Bureau argues that the International dump truck fails to meet any of the statutory definitions of a "private passenger motor vehicle" under G.S. § 58-40-10(b).

(1) "Private passenger motor vehicle" means:

b. A motor vehicle that is a pickup truck or van that is owned by an individual or by husband and wife or individuals who are residents of the same household if it:

1. Has a gross vehicle weight as specified by the manufacturer of less than 10,000 pounds; and

2. Is not used for the delivery or transportation of goods or materials unless such use is (i) incidental to the insured's business of installing, maintaining, or repairing furnishings or equipment, or (ii) for farming or ranching.

Such vehicles owned by a family farm copartnership or a family farm corporation shall be considered owned by an individual for the purposes of this section;

*Id.* Farm Bureau and plaintiff dispute the characteristics and weight of this truck. There is no information of record which determines conclusively the manufacturer's weight of this truck. Since the manufacturer's weight of this truck determines whether it is considered a private passenger vehicle or a fleet vehicle, we hold that there is a genuine issue of material fact as to the whether the policy covering this International dump truck can be stacked with the other policies. G.S. § 1A-1, N.C.R. Civ. P. 56(c) (1999). Summary judgment on this issue is inappropriate and is reversed.

III. Notice

[3] Next we address Farm Bureau's argument that even if there is coverage under the policies, plaintiff breached the policy conditions by failing to promptly notify Farm Bureau of his potential claim. The provisions of liability insurance policies which impose as conditions to liability the duty of an insured to give notice of accidents are, except where otherwise provided by statute, binding on the parties. *Henderson v. Insurance Co.*, 254 N.C. 329, 118 S.E.2d 885 (1961). Both policies contain language mandatory that insureds promptly notify Farm Bureau in the event of an "accident" or "loss."

Farm Bureau argues that it was not notified of the 19 December 1993 claim until 16 October 1996 when it received a letter from plaintiff's attorney. However, W.C. Erwin, Jr. stated he was in and out of the Farm Bureau local office almost daily to "chat" and discuss "various matters relating to [his] insurance" with his personal agent at the time, Wesley Shuffler. W.C. Erwin, Jr. is "virtually certain" that various members of the office, including Wesley Shuffler, inquired about his son's health and accident recovery progress following the accident on 19 December 1993. The insurance business is carried on by agents largely through subordinates. *Olvera v. Charles Z. Flack Agency,* 106 N.C. App. 193, 198, 415 S.E.2d 760, 763 (1992). "[A] general agent may, as a matter of implied consent, appoint subagents and subordinates whose statements, acts, knowledge, or **receipt of notice** within the ordinary course of business will bind the company." *Id.* (emphasis added). We hold that on this record Farm Bureau's agents had prompt notice of this potential claim.

Because we hold that there are genuine issues of fact as to whether the International dump truck is a "private passenger motor vehicle," we reverse entry of summary judgment on the issue of inter-policy stacking and remand to the trial court for further proceedings. Because we hold that vehicle liability insurance policies issued to a family farm trust insure the residents of the family farm, we affirm the entry of summary judgment by the trial court that plaintiff is a class I insured of BAP 2040951 and AP 3915189 and thereby entitled to UIM coverage.

Accordingly the judgment of the trial court is

Affirmed in part, reversed in part and remanded.

Judges HUDSON and SMITH concur.