## ERWIN v. TWEED
[159 N.C. App. 579 (2003)]

WALTER CLARK ERWIN, Plaintiff v. LENA LOWDERMILK TWEED, Defendant

No. COA02-1243

(Filed 5 August 2003)

**Insurance— underinsured motorist—non-fleet passenger truck—gross weight specified by manufacturer**

The evidence was insufficient to show a truck's "gross vehicle weight as specified by the manufacturer" and summary judgment should not have been granted for defendant in an underinsured motorist stacking case where there was an issue as to whether the truck was a private passenger vehicle. The evidence consisted of the maximum gross weight listed on the truck's identification plate and a weight obtained from a weigh station, but the relevant weight is that specified by the manufacturer without passengers, load capacity or options. This may be obtained from dealership literature or a statement in the owner's manual; the actual weight may be used if manufacturer's specifications cannot be obtained. N.C.G.S. § 58-40-10(b)(1).

Judge Tyson dissenting.

Appeal by plaintiff from judgment entered 5 June 2002 by Judge James L. Baker, Jr. in Burke County Superior Court. Heard in the Court of Appeals 5 June 2003.

*Bryce Thomas & Associates, by Bryce O. Thomas, Jr., for plaintiff-appellant.*

*Willardson Lipscomb & Miller, L.L.P., by William F. Lipscomb, for unnamed defendant-appellee.*

CALABRIA, Judge.

This case is before us for a second time on appeal. The full facts are set out in *Erwin v. Tweed,* 142 N.C. App. 643, 544 S.E.2d 803, *disc. rev. denied,* 353 N.C. 724, 551 S.E.2d 437 (2001) *("Erwin I")*. The essential issue here, as in *Erwin I*, is if there is a genuine issue of material fact as to whether the truck in question's "gross vehicle weight as specified by the manufacturer" under N.C. Gen. Stat. § 58-40-10(1)(b)(1) (2001) is less than 10,000 pounds. Because the critical question of the weight of the truck remains unanswered by the record evidence, we again reverse and remand.

ERWIN v. TWEED

[159 N.C. App. 579 (2003)]

In *Erwin I*, this Court affirmed the entry of summary judgment by the trial court finding Walter Erwin ("plaintiff") entitled to underinsured motorist ("UIM") coverage but reversed entry of summary judgment on the issue of interpolicy stacking. *Erwin I*, 142 N.C. App. at 650, 544 S.E.2d at 807. In remanding the case to the trial court, we held "the manufacturer's weight of this truck determines whether it is considered a *private passenger vehicle or a fleet vehicle* . . . ." *Id.*, 142 N.C. App. at 649, 544 S.E.2d at 806. This determination constituted a genuine issue of material fact because "[a]n insured party is only permitted to stack interpolicy underinsured motorist coverages for nonfleet private passenger type vehicles." *Id.*, 142 N.C. App. at 648-49, 544 S.E.2d at 806 (citing *N.C. Farm Bureau Mut. Ins. Co. v. Stamper*, 122 N.C. App. 254, 258, 468 S.E.2d 584, 586 (1996); N.C. Gen. Stat. § 20-279.21(b)(4) (1999)).

To determine whether the truck in question constituted a private passenger motor vehicle, we instructed the trial court to examine whether it had "a gross vehicle weight as specified by the manufacturer of less than 10,000 pounds . . . ." N.C. Gen. Stat. § 58-40-10(1)(b)(1). Because there was "no information of record which determine[d] conclusively the manufacturer's weight of th[e] truck[,]" we remanded the case for further proceedings. *Erwin I*, 142 N.C. App. at 649, 544 S.E.2d at 806.

Following the remand of the case, Farm Bureau, an unnamed defendant, moved for summary judgment arguing "the truck in question is not a private passenger motor vehicle because it is a dump truck and its gross vehicle weight as specified by the manufacturer is more than 10,000 pounds."[1] Farm Bureau proffered evidence of the manufacturer's identification plate, which stated the truck's "maximum gross vehicle weight" was 21,700 pounds. Farm Bureau argued this weight was greater than 10,000 pounds as contemplated by N.C. Gen. Stat. § 58-40-10(1)(b)(1); therefore, the court should grant Farm Bureau's summary judgment motion.

---

1. As the trial court correctly noted, our previous opinion considered the nature of the truck, concluded the truck in question was a dump truck, and, notwithstanding that conclusion, remanded the case for determination of the manufacturer's weight of the truck. This determination, in turn, would "determine[] whether [the truck in question] is considered a private passenger [motor] vehicle or a fleet vehicle . . . ." *Erwin I*, 142 N.C. App. at 649, 544 S.E.2d at 806. Accordingly, the critical question was not whether this dump truck was a pickup truck as contemplated by N.C. Gen. Stat. § 58-40-10(1)(b)(1), for that question had already been answered by this Court. The critical question was, and continues to be, the manufacturer's weight of the truck.

ERWIN v. TWEED

[159 N.C. App. 579 (2003)]

Plaintiff also moved for summary judgment on the basis that the truck had been taken to a weigh station and found to weigh 9,715 pounds. Plaintiff argued this weight was less than 10,000 pounds as contemplated by N.C. Gen. Stat. § 58-40-10(1)(b)(1); therefore, the court should grant plaintiff's summary judgment motion.

The trial court granted defendant's motion for summary judgment, concluding interpolicy stacking was not allowed in light of the fact that

there [was] no genuine issue of material fact regarding the gross vehicle weight as specified by the manufacturer of the 1973 International truck covered by the business auto policy in question, that said weight [was] not less than 10,000 pounds and that the truck in question [was], therefore, not a private passenger motor vehicle within the meaning of G.S. § 20-279.21(b)(4) and G.S. § 58-40-10(1).

In light of the evident confusion as to the proper definition of "gross vehicle weight as specified by the manufacturer" as used in N.C. Gen. Stat. § 58-40-10(1)(b)(1), we re-visit this issue to provide further clarification.

I. Standard of Review

Summary judgment is appropriate when, in light of the pleadings, depositions, admissions on file, and affidavits, there is "no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56 (2001).

"The determination of what constitutes a 'genuine issue as to any material fact' is often difficult. It has been said that an issue is material if the facts alleged . . . are of such nature as to affect the result of the action, or if the resolution of the issue is so essential that the party against whom it is resolved may not prevail. A question of fact which is immaterial does not preclude summary judgment."

*Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971) (quoting 3 Barron and Holtzoff, Federal Practice and Procedure § 1234 (Wright Ed. 1958)). "[T]he record is to be viewed in the light most favorable to the non-movant, giving it the benefit of all inferences which reasonably arise therefrom." *Murray v. Nationwide Mutual Ins. Co.*, 123 N.C. App. 1, 8, 472 S.E.2d 358, 362 (1996). Therefore, Farm Bureau, as the party moving for summary

judgment, must establish there is no genuine issue of material fact that the "gross vehicle weight as specified by the manufacturer" of the truck in question is less than 10,000 pounds.

II. Statutory Language and Legislative Intent

Prior to 1989, N.C. Gen. Stat. § 58-131.35A (now N.C. Gen. Stat. § 58-40-10) provided as follows:

> As used in this Article and in Articles 12B and 25A of this Chapter:
>
> (1) "Private passenger motor vehicle" means:
>
> . . .
>
> b. A motor vehicle with a pick-up body, a delivery sedan or a panel truck that is owned by an individual or by husband and wife or individuals who are residents of the same household and that is not customarily used in the occupation, profession, or business of the insured other than farming or ranching. Such vehicles owned by a family farm copartnership or corporation shall be considered owned by an individual for purposes of this Article . . . .

N.C. Gen. Stat. § 58-131.35A (Cum. Supp. 1988). In 1989, the General Assembly amended the definition of "private passenger motor vehicle" for insurance rating purposes and changed the statutory definition to the following:

> As used in this Article and in Articles 36 and 37 of this Chapter:
>
> (1) "Private passenger motor vehicle" means:
>
> . . .
>
> b. A motor vehicle that is a pickup truck or van that is owned by an individual or by husband and wife or individuals who are residents of the same household if it:
>
> 1. Has a gross vehicle weight as specified by the manufacturer of less than 10,000 pounds; and
>
> 2. Is not used for the delivery or transportation of goods or materials unless such use is (i) incidental to the insured's business of installing, maintaining, or repairing furnishings or equipment, or (ii) for farming or ranching.

Such vehicles owned by a family farm copartnership or a family farm corporation shall be considered owned by an individual for the purposes of this section . . . .

N.C. Gen. Stat. § 58-40-10 (1989).

In modifying the language of the statutes, the legislature rectified certain inequalities between vehicle classifications for insurance purposes. Under the prior law, rates for vehicles used for business purposes differed based upon the vehicle classification: higher commercial rates applied to certain vehicle classifications while lower personal auto policy rates applied to other vehicle classifications. The amendment rectified this inequality by harmonizing the treatment of pickup trucks, vans, and sedans where they fell in the same weight range of 10,000 pounds or less. Accordingly, under the amendment and current statute, individuals pay equal amounts for insurance and are not penalized for preferring certain types of vehicles, such as pickup trucks or minivans, over other vehicles, such as sedans, as long as: (1.) they use the vehicle for similar purposes; and (2.) the weight of the vehicle is less than 10,000 pounds as per the manufacturer's specifications.

The focus of the statute, therefore, is limited solely to the vehicle's innate characteristics and not its capabilities. Moreover, the manufacturer's specification regarding weight as the standard obviates individual disparities between otherwise identical individual vehicles.

We now turn to the language employed in the statute to provide guidance as to the proper definition of "gross vehicle weight as specified by the manufacturer." N.C. Gen. Stat. § 58-40-10(1)(b)(1). "The primary goal of statutory construction is to effectuate the purpose of the legislature in enacting the statute." *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 574, 573 S.E.2d 118, 121 (2002). "The legislative purpose of a statute is first ascertained by examining the statute's plain language." *Correll v. Division of Social Services*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992). " 'Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give [the statute] its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein.' " *State v. Camp*, 286 N.C. 148, 152, 209 S.E.2d 754, 756 (1974) (quoting 7 Strong, N.C. Index 2d, Statutes § 5 (1968)).

ERWIN v. TWEED

[159 N.C. App. 579 (2003)]

Gross weight is "[t]he total weight of a thing, including its contents and any packaging." Black's Law Dictionary 1588 (7th ed. 1999). In this context, the gross weight would consist of the total weight of the truck in question including those things contained in and a part of the truck.[2]

With these familiar principles in mind, we construe "gross vehicle weight as specified by the manufacturer" to require evidence of the manufacturer's specified weight of the vehicle alone. This weight does not include passenger weight or the weight of any load the vehicle is carrying or capable of carrying at any given time. Only the weight of the vehicle itself is relevant to the determination of the manufacturer's "gross vehicle weight." This value may be obtained by examining dealership literature provided by the manufacturer giving the actual weight of model vehicles adjusted to reflect additional options on the vehicle in question. Alternatively, a statement of the weight of the vehicle contained in the vehicle's owner's manual could be used to show its "gross vehicle weight." We now examine the evidence submitted by plaintiff and defendant in support of their respective summary judgment motions in order to determine whether either party has presented evidence of the relevant weight of the truck in question.

III. Defendant's interpretation

Farm Bureau asserts the manufacturer's "gross vehicle weight" is 21,700 pounds because that is the weight appearing on the identification plate on the truck under "maximum gross vehicle weight." In essence, Farm Bureau equates the term "gross vehicle weight" as used in the insurance provisions of N.C. Gen. Stat. § 58-40-10(1)(b)(1) with the combined weight of the truck and the maximum load with which it can be safely burdened. Besides plain meaning and the legislative intent considerations already addressed, Farm Bureau's assertion is unavailing for other reasons.

Farm Bureau's interpretation ignores the General Assembly's choice of the term "gross vehicle weight" as opposed to the

---

2. The dissent argues that, if the load is excluded, the weight becomes the "net weight." To the contrary, if the load is included, the appropriate term becomes "gross vehicle weight rating," which the legislature chose not to use. The focus of the statute is the weight of the truck measured by the weight of its constituent parts. Unless the load is considered a constituent part of the truck, it is irrelevant to the determination of the truck's gross weight. In sum, the weight of the truck is a characteristic of the truck; the load the truck can safely carry is a capability of the truck. The statute is concerned solely with the truck's characteristics.

term "gross vehicle weight rating," which was defined in N.C. Gen. Stat. § 20-4.01(12a) (1993)[3] as the "value specified by the manufacturer as the maximum loaded weight of a vehicle." Had the General Assembly intended to consider the weight of the vehicle in light of the maximum loaded weight it could safely bear, the General Assembly would have utilized the term "gross vehicle weight rating" as it did in N.C. Gen. Stat. § 20-4.01(12a). We find the General Assembly's choice instructive.

Moreover, in the context of UIM coverage, North Carolina cases consistently hold that "[t]he avowed purpose of the Financial Responsibility Act [("FRA")] . . . is to compensate the innocent victims of financially irresponsible motorists." *Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, 265, 382 S.E.2d 759, 763 (1989). "The Act is remedial in nature and is 'to be liberally construed so that the beneficial purpose intended by its enactment may be accomplished.' " *Pennington*, 356 N.C. at 573-74, 573 S.E.2d at 120 (quoting *Id.*). Its purpose "is best served when [every provision of the Act] is interpreted to provide the innocent victim with the fullest possible protection." *Proctor v. N.C. Farm Bureau Mutual Ins. Co.*, 324 N.C. 221, 225, 376 S.E.2d 761, 764 (1989). Though N.C. Gen. Stat. § 58-40-10 is not part of the FRA, it would be incongruous to construe provisions of the FRA dealing with UIM coverage liberally, yet interpret "private passenger motor vehicle" narrowly, when that interpretation controls whether UIM policies may be stacked.

Finally, Farm Bureau's interpretation would produce unintended results in two important ways. First, motorists may find themselves unable to stack UIM policies on vehicles that are otherwise identical because manufacturers differ in how they determine the towing or carrying capacity. By way of example, if company A and company B contracted to allow company B to sell company A's models with company B's badge, yet the companies differed in designating the load their respective models could carry or haul for marketing or other reasons, the two otherwise identical models would be classified differently under N.C. Gen. Stat. § 58-40-10(1)(b)(1). Second, Farm Bureau's interpretation would frustrate the intent of the legislature by precluding a majority of vans and pickup trucks from falling within the statutory amendment designed to allow these vehicles to be included. If the manufacturer's "gross vehicle weight" combined the weight of the vehicle with the weight it is capable of carrying or

---

3 The statutory definition of "gross vehicle weight rating" is now found in N.C. Gen. Stat. § 20-4.01(12b) (2001).

ERWIN v. TWEED

[159 N.C. App. 579 (2003)]

hauling, most vans and pickup trucks would exceed 10,000 pounds and not meet the statutory definition of "private passenger motor vehicle." We reject this interpretation.

IV. Plaintiff's interpretation

In support of plaintiff's summary judgment motion, plaintiff had the truck in question independently weighed at a weigh station. The truck was found to weigh 9,715 pounds. While this figure is more closely related to the weight relevant to the statute, it fails to show the weight of the truck "as specified by the manufacturer." The provided weight merely gives the actual weight of the truck without reference to manufacturer's specifications. Because this figure produces minor inherent weight inconsistencies between identically designed vehicles, it fails to provide one, set standard to be used for that particular vehicle model and is not preferred. We note if manufacturer's specifications could not be obtained, the actual weight of the truck would be the most appropriate substitute because it would most closely comply with the information required by the statute.[4] Nonetheless, without a showing that the manufacturer's specifications concerning the weight of the truck are unattainable, plaintiff must provide evidence of the gross vehicle weight of the truck as contemplated by the statute. In the instant case, plaintiff has failed to do so.

For these reasons, we conclude the critical question presented in *Erwin I* remains unanswered by the record evidence presented by the parties to the trial court. Accordingly, a genuine issue of material fact exists, and the trial court erred in granting summary judgment. We again remand this case to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Judge McGEE concurs.

Judge TYSON dissents with a separate opinion.

---

4 The dissent contends that the actual weight is immaterial even if the manufacturer's specifications could not be obtained, through due diligence or otherwise. The practical result of this would be to bar any claim, no matter how meritorious, where the manufacturer's specifications are simply irretrievable. Because the focus of the statute is the weight of the vehicle in question, the actual weight of the vehicle in question can be used in lieu of the manufacturer's specified weight for the vehicle model where such information is unattainable. It would be inequitable to bar a claim due to lack of information which cannot be obtained when an acceptable substitute could be procured.

**ERWIN v. TWEED**

[159 N.C. App. 579 (2003)]

TYSON, Judge, dissenting.

The majority's opinion reverses summary judgment and remands to the trial court for a second time to determine the same facts required by this Court upon remand of the first appeal. No genuine issue of material fact exists. Plaintiff failed to offer any evidence of an essential element of his claim: that his truck's "gross vehicle weight as specified by the manufacturer" is less than 10,000 pounds. I respectfully dissent. I would affirm the trial court's decision.

Plaintiff bears the burden of making a claim under the policy and the statute. Plaintiff was required by the statute and the prior opinion of this Court in *Erwin I* to show the manufacturer's gross vehicle weight of the truck to be less than 10,000 pounds in order for coverage to apply. *Erwin v. Tweed*, 142 N.C. App. 643, 544 S.E.2d 803, *disc. review denied*, 353 N.C. 724, 551 S.E.2d 437 (2001). Plaintiff put forth evidence of the actual or net weight of the truck without a load, contrary to that required by statute. When Defendant Farm Bureau moved for summary judgment, it had the burden to show no genuine issue of material fact existed as to whether the manufacturer's gross vehicle weight of the truck was less than 10,000 pounds. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 62-63, 414 S.E.2d 339, 341-42 (1992). Defendant offered evidence to show that the gross vehicle weight of the vehicle, as determined by the manufacturer, exceeded 21,000 pounds, more than twice the amount allowed by the statute. Plaintiff offered no evidence in support of its contention that the "gross vehicle weight as specified by the manufacturer" was under 10,000 pounds. Plaintiff attempted to contest or rebut defendant's evidence of "gross vehicle weight as specified by the manufacturer" by presenting evidence of the truck's net weight from a weigh station receipt. An essential element of plaintiff's claim failed. No question of material fact exists. *See Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (holding "[t]he [summary judgment] movant may meet [his] burden by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.")

The majority's opinion correctly quotes Black's Law Dictionary's definition of *"gross weight"* as the "total weight of a thing, including its contents and any packaging." *Black's Law Dictionary* 1588 (7th ed. 1999) (emphasis in original). The opinion substitutes "actual

weight" for the statutory requirement of "gross vehicle weight as specified by the manufacturer." The majority's opinion specifically holds that the plain words and meaning of the statute can be satisfied by plaintiff presenting evidence of the "actual weight" or "net weight" of the vehicle as determined by means other than the manufacturer's specification.

This interpretation is problematic for two reasons. First, it substitutes a new and different definition for "gross vehicle weight as specified by the manufacturer", that is contrary to the plain meaning of the statute and dictionary definition of "gross weight." In doing so, the majority also omits the statutorily required manufacturer's determination of weight. Secondly, the opinion allows the insured protection under a narrow exception to the statute that is not expressly provided for in the statute.

We cannot circumvent the plain language and meaning of the statute nor expand the coverage of the statute, where plaintiff has failed and cannot show that his truck complies with the exception within in the statute. I would affirm the trial court's grant of summary judgment in favor of defendant. I respectfully dissent.