HELEN PATREVITO, Ex'x of the Estate of James A. Patrevito, Deceased, Plaintiff-Appellant, *v.* COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellee.

Third District   No. 3—83—0070

Opinion filed October 13, 1983.

George Coniglio, of Blue Island, for appellant.

E. Kent Ayers and Roger D. Rickmon, both of Murphy, Timm, Lennon, Spesia and Ayers, of Joliet, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This action for declaratory judgment was commenced by Helen Patrevito as executrix of the estate of James Patrevito seeking a declaration of rights under an insurance policy issued by Country Companies. The circuit court of Will County granted the defendant's motion to dismiss the complaint and this appeal follows.

Count I alleged that uninsured motorist coverage in a policy issued by the defendant was applicable to the death of James Patrevito caused by an unknown hit and run driver. Count II of the complaint sought recovery for vexatious delay in settling the claim. Defendant's motion to dismiss the complaint alleged no uninsured motorist coverage was provided by the policy because the decedent, Patrevito, was not within the terms of the policy at the time he died.

According to the complaint and the numerous exhibits attached to it, on March 18, 1981, James Patrevito was operating a van, traveling northbound on I-57. Because of extremely icy conditions, Patrevito lost control of his vehicle. It spun around and came to rest facing south off the paved travel portion of the road in the area designated as the shoulder. A vehicle operated by Kenneth Weig was caused by Patrevito's spinning vehicle to also run out of control. This vehicle came to rest south of the Patrevito vehicle, also facing south of the area of the road designated as the shoulder.

Both drivers, James Patrevito and Kenneth Weig, alighted from their vehicles, checked their respective vehicles for damage while standing between them and discussed moving the vehicles. While conversing, both Patrevito and Weig were apparently struck by an unidentified motor vehicle.

Injuries suffered by James Patrevito resulted in his death on March 23, 1981. Weig sustained fractured ribs and injuries to his right shoulder and ankles.

Because of the icy conditions and because of the disablement of the Patrevito and Weig vehicles, other vehicles experienced difficulties. The affidavits of two other vehicle operators whose vehicles had left the highway but whose vehicles had not collided with either Patrevito or Weig were included with the complaint. No information was available concerning the vehicle which may have struck Patrevito and Weig or their vehicles, and the driver of such vehicle was also unknown.

The policy of insurance provides in pertinent part that an "uninsured motor vehicle" means:

"*** a hit and run vehicle and neither the driver nor owner can be identified. The vehicle must hit an insured, a covered

auto or a vehicle an insured is occupying. Part VI(A)(3)(d)."

An "insured" is defined as the person or organization shown on the policy as the named insured or:

"Anyone else occupying a covered vehicle *** Part VI(D)(2)."

The term "occupying" is defined as:

"*** in, upon, getting in, out or off. Part VI(A)(2)."

The trial court fund Patrevito was not an (insured) (named insured) and was not occupying an insured vehicle at the time of the incident. On this appeal the plaintiff argues the trial court erred in both holdings.

In our opinion Patrevito was an insured within the terms of the policy and for that reason this issue will be the only one addressed. The problem arises because the policy was issued to Patrevito's Florist & Greenhouse. This business was owned by James Patrevito who was doing business under the aforementioned name with his wife Helen Patrevito, an active participant in the business.

The trial court held James Patrevito was not an insured or named insured in the policy because he was not so specifically named but rather the name of his business was designated, relying on *Polzin v. Phoenix of Hartford Insurance Cos.* (1972), 5 Ill. App. 3d 84, 283 N.E.2d 324. We believe the facts in the *Polzin* case are distinguishable from those in the case at bar and consequently a different result should ensue.

In *Polzin*, the policy of insurance was issued to "A.B.C. Lithoplate & Graining Services, Inc." The policy covered two vehicles owned by the corporation. One of the vehicles was customarily used by Polzin, the injured party, who was also shareholder, President and chief operating officer of the corporation. He was injured while a pedestrian by an uninsured motor vehicle. The court in *Polzin* held the plaintiff had not sustained his burden of establishing that he was an insured in the policy but on the contrary was charged with knowledge that the Lithoplate corporation was the only insured so named. The court also held that extending the designation of insured beyond those named in the policy was not required by statute and would change the contract between the parties.

The major difference between the facts in the *Polzin* case and the instant case is that the designation in the policy in this case is not a corporation, is not an entity but is merely the name and style under which James Patrevito did business. This difference is of critical significance. Unlike the designation in *Polzin* in which the designation described a legal entity complete in itself as the named insured, the designation in this policy becomes meaningful only in reference to the

person doing business under the designation. In its brief, the defendant suggests that the *Polzin* decision has broader implications to businesses as distinguished from individuals. However, we discern no such implications. In our opinion James Patrevito was the named insured under the policy under the name and style of the business which he operated. There was no entity which could bring an action on the policy. If any action were to be brought the action would be brought by James Patrevito.

For the foregoing reasons we conclude that the court erred in holding that uninsured motorist coverage was not afforded by the policy issued by the defendant.

With respect to count II of the complaint seeking damages for vexatious delay occasioned by the defendant in settling the claim, we conclude the trial court's judgment dismissing this count was dependent upon its judgment dismissing count I. In view of our decision the trial court erred in its dismissal of count I, we believe it appropriate that count II be reconsidered by the trial court. This is particularly true since the count was disposed of without consideration of any evidence so that the reasonableness or unreasonableness of any delay is not easily ascertainable by allegations in the complaint.

For the foregoing reasons the judgment of the circuit court of Will County is reversed and this cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

ALLOY and HEIPLE, JJ., concur.