**Steve FOERSTER, Respondent,**

v.

**Jeffrey FOLLAND, et al., Petitioners, Appellants,**

**Karlstad State Bank, Petitioner, Appellant.**

**No. CX–92–898.**

Supreme Court of Minnesota.

April 16, 1993.

Steven A. Anderson, Law Offices of Patrick D. Moren, Roseau, for Jeffrey Folland, et al.

Dwain E. Fagerlund, Dickel, Johannson, Taylor, Rust & Tye, P.A., Crookston, for Karlstad State Bank.

Robert Vaaler, Vaaler, Warcup, Woutat, Zimney & Foster, Grand Forks, ND, for respondent.

COYNE, Justice.

On petition of defendants Jeffrey Folland, et al., we entertain review of an unpublished decision of the court of appeals which reversed an order of the district court denying the plaintiff Steve Foerster's motion to vacate a default judgment and reversed the summary judgment entered in favor of defendants. At issue is only the question of whether the trial court abused its discretion in denying the motion to vacate the default judgment entered on August 25, 1988, finding against plaintiff's claim of leasehold rights following a foreclosure proceeding. We reverse.

We identified the four factors to be considered by the trial court upon motion to vacate a default judgment in *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 455–56 (1952). The applicant for relief must demonstrate (1) reasonable defense on the merits; (2) that there exists a reasonable excuse for failure or neglect to act; (3) that the party acted with due diligence after notice of the entry of judgment; and (4) that no substantial prejudice will result if the action is reopened.

The trial court determined that the plaintiff had made a "sufficient showing" with regard to the reasonable defense on the merits and that the question of Foerster's diligence weighed slightly in his favor; it then determined, however, that none of the plaintiff's allegations were sufficient to excuse his failure to respond to the foreclosure proceeding and that it would be prejudicial to the defendant individuals, the present title holders and strangers to the foreclosure proceedings, to force them to permit the plaintiff to continue his gravel extraction operation on their land for the next 15 years. While the appellate court agreed with the trial court with regard to the reasonable defense factor, it disagreed with regard to the remaining elements, even concluding that the diligence factor worked against, rather than in favor of, the plaintiff. To conclude that the plaintiff had a reasonable excuse for his failure to act, the court of appeals apparently found as fact that the bank had somehow induced the plaintiff's inaction and that it could not now use that inaction as a sword against the plaintiff, that the individual titleholders had both actual and constructive notice of the plaintiff's claimed interest in the property and were therefore estopped from denying knowledge or apparently from claiming prejudice. Our review of the record leads us to conclude that to make such factual findings, the court of appeals engaged in and relied upon a number of assumptions that are simply not borne out by this record to conclude that the trial court abused its discretion.

We cannot agree with that determination. In our view, there is more than ample support in the record for the facts found and inferences drawn by the trial court and, given the deference we have traditionally accorded the exercise of that court's discretion, its decision must be sustained.

Reversed.