532 S.E.2d 566 (2000)
Charles Joseph STOCKTON, as administrator of the Estate of Timothy Allen Taylor, Deceased, Plaintiff,
v.
NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, INC., Defendant.
No. COA99-421.
Court of Appeals of North Carolina.
July 18, 2000.
Feagan and Foster, by Phillip R. Feagan, Columbus, SC and Cynthia C. Harbin, Asheville, for plaintiff-appellee.
Willardson & Lipscomb, L.L.P., by William F. Lipscomb, Wilkesboro, for defendant-appellant.
LEWIS, Judge.
This action for declaratory judgment was instituted by Charles Stockton, administrator of the estate of Timothy Taylor, seeking to ascertain entitlement to underinsured motorist (UIM) coverage under an insurance policy issued by North Carolina Farm Bureau Mutual Insurance Company, Inc. ("Farm Bureau").
The substance underlying this UIM claim is as follows: On 27 October 1995, Timothy Taylor, the son of Charles and Diane Stockton, was killed in a motor vehicle collision between an automobile owned and operated by Nicholas Ranta and another automobile. Timothy's estate received liability coverage from Ranta's insurance policy in the amount of $33,334. His estate then sought UIM coverage from the Stocktons' "Personal Auto Policy" with Farm Bureau, providing UIM *567 coverage limits of $100,000 per person and $300,000 per accident.
On 13 February 1996, Farm Bureau denied Timothy's estate UIM coverage under the Stocktons' personal policy, on the basis that the named insured was listed as "Oak Farm" and the family-oriented policy provisions extending coverage to the "spouse" and "family member[s]" of the named insured did not cover Timothy Taylor or any other person. On 8 February 1999, the trial court entered an order granting summary judgment in favor of the plaintiff Charles Stockton, concluding that Timothy Taylor was entitled to UIM coverage under the Stocktons' policy and allowing his estate to recover. From this order, defendant appeals.
The standard for summary judgment has been often recited by this Court. Pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, a party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c).
On appeal, Farm Bureau maintains that Timothy Taylor could not receive coverage because the named insured was designated as Oak Farm, and not as either Mr. or Mrs. Stockton. Farm Bureau thus disputes the legal effect of listing Oak Farm as the named insured on the Stocktons' insurance policy. Potential issues of fact surrounding the listing of Oak Farm as the named insured on the policy would necessarily involve the identity of Oak Farm, namely, whether it exists as a commercial or other type of entity. However, Farm Bureau does not argue on appeal that there remains an issue regarding Oak Farm's identity. While Farm Bureau suggests on appeal that Oak Farm is a "legal entity," this interpretation is contrary to the forecast of evidence presented at the summary judgment hearing.
The forecast of evidence indicates that no questions of fact remain on the issue of Oak Farm's identity. The evidence reveals that Oak Farm has no legally independent existenceit has no tax identification number, does not exist as a corporation, partnership, or any other commercial or legal entity and may be classified as neither a commercial nor any other type of existing entity. Oak Farm is the name of a parcel of land operated as a farm in Cleveland County and belonging to Mr. Stockton's mother. The Stocktons testified they titled their vehicle in the name of Oak Farm in order to obtain a more favorable tax value on the insured vehicle. Specifically, Cleveland County would accept the purchase price stated in the bill of sale as the vehicle's taxable value, which in this case was lower than the value the car would have been assessed in Rutherford County, where the Stocktons resided. The Stocktons titled the vehicle under the Oak Farm name, since Oak Farm is located in Cleveland County. Farm Bureau's company manual provides that the named insured of a personal auto policy must be the same as the name in which the vehicle is titled, and accordingly, Farm Bureau listed the named insured as Oak Farm. No discussion took place between the Stocktons and Farm Bureau as to the identity of Oak Farm in reference to this insurance policy.
Mr. Stockton used the name "Oak Farm" in his personal and farm-related business dealings prior to 1983. However, after 1983, he used it only as the named insured in the Farm Bureau policy in 1995. At no time was Oak Farm anything but a bucolic designation for rural property.
The issue for our review, then, is purely a legal one, see, e.g., G.E. Capital Mortgage Servs., Inc. v. Neely, 135 N.C.App. 187, 519 S.E.2d 553 (1999), namely, the legal effect of listing a named insured incapable of being classified as an individual or as an entity, commercial or otherwise, on a personal auto policy containing family-oriented language.
A provision of the policy is ambiguous if the writing itself leaves the agreement uncertain. International Paper Co. v. Corporex Constructors, Inc., 96 N.C.App. 312, 317, 385 S.E.2d 553, 556 (1989). As a general rule, "ambiguities in insurance policies are to be strictly construed against the drafter, the insurance company, and in favor of the insured and coverage since the insurance company *568 prepared the policy and chose the language." West American Insurance Co. v. Tufco Flooring East, 104 N.C.App. 312, 320, 409 S.E.2d 692, 697 (1991), overruled on other grounds by Gaston County Dyeing Machine Co. v. Northfield Ins. Co., 351 N.C. 293, 524 S.E.2d 558 (2000). We have but to look at the language of the policy to illustrate the interpretive difficulties arising here. The Stocktons' "Personal Auto Policy" contains terms and definitions relevant to persons and families.
The UIM coverage provisions of the Farm Bureau policy allow insureds to recover for personal injuries, defining "insured" as:
"1. You or any family member.
2. Any other person occupying:
a. your covered auto; or
b. any other auto operated by you.
3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person listed in 1. or 2. above."
Under the "Definitions" section, the terms "you" and "your" are defined as "[t]he `named insured' shown in the Declarations" and "[t]he spouse if a resident of the same household." "Family member" means "a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child."
The policy thus provides two groups with uninsured motorist coverage. The "named insured" and any family members of the named insured are covered wherever they may be; all others are only covered while occupying an insured vehicle. The two groups set forth under the policy are nearly identical to those set forth by our statutes in N.C. Gen.Stat. § 20-279.21(b)(3). Smith v. Nationwide Mutual Ins. Co., 328 N.C. 139, 143, 400 S.E.2d 44, 47, reh'g denied, 328 N.C. 577, 403 S.E.2d 514 (1991).
Plaintiff argues that the language in the UIM endorsement defining "insured" to include family of the named insured mandates a finding that the Stocktons are also named insureds under the policy. Farm Bureau, on the other hand, maintains that the language of the policy is clear and unambiguous and is subject to only one interpretation: the Stocktons are not named insureds under the policy, they do not fall into the category of family members of Oak Farm, and the vehicle involved in the accident is not an automobile covered under the policy.
In support of its argument, Farm Bureau has cited Sproles v. Greene, 329 N.C. 603, 407 S.E.2d 497 (1991), wherein our Supreme Court analyzed the effect of family-oriented language where the named insured was a corporation. In Sproles, employees sued to collect under their corporate-employer's UIM coverage provisions. The Sproles court refused to extend coverage, noting that a corporation is a legal entity distinct from its employees and thus, cannot have a spouse or relatives. Id. at 609, 407 S.E.2d at 500; see also Busby v. Simmons, 103 N.C.App. 592, 406 S.E.2d 628 (1991) (despite family-oriented language in policy where corporation was named insured, court refused to expand the term "named insured" to employees of corporation).
The most important difference between Sproles and Busby and this case is that the designation of the named insured here is not a commercial entity with a defined legal existence, but rather, has no legal existence complete in itself. This distinction is of critical significance. All parties in Busby and Sproles had knowledge of the entity insured, while the named insured in this case becomes meaningful only in reference to the person who bought the policy and gave the listing "Oak Farm." Thus, we decline to extend the analysis employed in either Sproles or Busby to the facts of this case.
While our courts have never addressed these precise facts, at least one other jurisdiction has addressed this question. In Patrevito v. Country Mutual Insurance Co., 118 Ill.App.3d 573, 74 Ill.Dec. 259, 455 N.E.2d 289 (1983), an insurance policy using family-oriented language was issued to "Patrevito's Florist & Greenhouse," an unincorporated business. The plaintiff, James Patrevito's wife, sought UIM coverage under the policy. The court determined the designation was "merely the name and style under which James Patrevito did business" and that no entity could bring an action on the policy. Id. at 291. In determining the legal effect of *569 this designation, the Patrevito court construed the policy in favor of coverage. Id. Other jurisdictions have reached the same conclusion where the named insured was designated as a trade name. See, e.g., O'Hanlon v. Hartford Accident & Indem. Co., 639 F.2d 1019 (3d Cir.1981); Samples v. Georgia Mut. Ins. Co., 110 Ga.App. 297, 138 S.E.2d 463 (1964); Gabrelcik v. National Indem. Co., 269 Minn. 445, 131 N.W.2d 534 (1964).
Here, there was also no existing entity which could bring an action on the policy. We believe there is a genuine ambiguity created here so that the matter should be resolved in favor of the policy holder, and thus the person who paid the premiums. Without significant explanation, indeed proof and association shown, no person, firm or commercial entity could have brought a declaratory judgment on behalf of Oak Farm. Oak Farm was designated by Mr. Stockton, who paid the premiums and obtained the family coverage stated so clearly in the policy.
We conclude the trial court properly granted summary judgment in favor of the plaintiff.
Affirmed.
Judges JOHN and EDMUNDS concur.