GENERAL CASUALTY COMPANY
OF WISCONSIN, Appellant,

v.

OUTDOOR CONCEPTS,
et al., Respondents.

No. C7–03–256.

Court of Appeals of Minnesota.

Aug. 12, 2003.

Michael W. McNee, Andrea E. Reisbord, Cousineau, McGuire & Anderson, Minneapolis, MN, for appellant.

Joel W. Brodd, Brodd Law Firm, LLC, Hudson, WI, for respondents.

Considered and decided by SCHUMACHER, Presiding Judge, RANDALL, Judge, and KALITOWSKI, Judge.

## OPINION

KALITOWSKI, Judge.

On appeal from summary judgment, appellant contends that (1) respondent Joe Ebertz was not an "insured" under a commercial automobile policy issued to "Outdoor Concepts Joe Ebertz DBA"; and (2) Ebertz made an election within the meaning of Minn.Stat. § 65B.49, subd. 3a(5) (2002), and is precluded from recovering Personal Injury Protection or Underinsured Motorist benefits under his commercial policy or from otherwise stacking coverage.

## FACTS

On August 25, 2001, respondent Joe Ebertz was riding his bicycle on a country road north of his home in Hudson, Wisconsin, when he was struck head-on by a pickup truck driven by an underinsured motorist. Following the accident, Ebertz settled his claims against the underinsured motorist for $50,000, the liability limit under the motorist's policy.

At the time of the accident, respondent and his wife were insured under a personal automobile insurance policy issued by Allstate Insurance Company pursuant to the laws of Wisconsin. In June 2002, respondent settled with Allstate for $50,000 in Underinsured Motorist benefits (UIM) for damages incurred in the accident.

Ebertz also insured the vehicles used in his landscaping business, Outdoor Concepts, under a commercial automobile policy obtained through his insurance agent in Minnesota. The agent completed an application with appellant, listing the applicant as "Outdoor Concepts Joe Ebertz DBA," and applied for no-fault coverage and $250,000 in UIM coverage. Appellant prepared a declarations page for the commercial automobile policy, listing the named insured as "Outdoor Concepts Joe Ebertz DBA."

The commercial automobile policy contained an endorsement entitled "Minnesota Uninsured and Underinsured Motorists Coverage," which stated that appellant will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an underinsured motor vehicle. The endorsement defined "insured" as follows:

**B. WHO IS AN INSURED**

1. You.

2. If you are an individual, any "family member."

3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto."

4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

The commercial policy contained another endorsement entitled the "Minnesota Personal Injury Protection" (PIP). The PIP endorsement provides that appellant will pay PIP benefits incurred for "bodily injury" sustained by an "insured" caused in an "accident." The policy defines "insured" as the "named insured."

Ebertz made a demand on appellant for no-fault benefits and payment of the $250,000 in UIM benefits. Appellant de-

nied the claim, contending Ebertz was not an "insured" under the policy.

Appellant commenced a declaratory-judgment action to determine its obligations under the commercial automobile policy issued to Outdoor Concepts Joe Ebertz DBA. Cross-motions for summary judgment were presented to the district court. The parties agreed there were no genuine issues of material fact and requested that the court determine whether Ebertz was an "insured" under the policy and whether he waived his right to recover pursuant to the anti-stacking provision of Minn.Stat. § 65B.49, subd. 3a(5) (2002).

The district court ruled in favor of Ebertz, concluding that (1) Ebertz was a named insured under appellant's policy; and (2) because the Allstate policy was not a "plan of reparation security" as defined by statute, adding the UIM limits of the Wisconsin Allstate policy to the UIM limits of appellant's policy did not constitute stacking. Appellant challenges the district court's grant of summary judgment to Ebertz.

## ISSUES

1. Did the district court err in determining that Ebertz was an "insured" under the commercial automobile policy issued by appellant?

2. Did the district court err in determining that Ebertz did not waive his claims against appellant by accepting the available UIM limits under the Allstate policy?

## ANALYSIS

### I.

On appeal from summary judgment, this court asks two questions: (1) whether there are any genuine issues of material fact; and (2) whether the district court erred in applying the law. *State by Coo-*

*per v. French,* 460 N.W.2d 2, 4 (Minn. 1990).

■ Construction of an insurance policy involves a question of law. *Iowa Kemper Ins. Co. v. Stone,* 269 N.W.2d 885, 886–87 (Minn.1978). When, as here, there is no dispute of material fact, this court independently reviews the district court's interpretation of the insurance contract. *Zimmerman v. Safeco Ins. Co. of Am.,* 605 N.W.2d 727, 729 (Minn.2000).

■ Appellant argues that the commercial automobile policy covers only the named insured and that the named insured is Outdoor Concepts, Ebertz's business, not Ebertz as an individual. Appellant relies primarily on *Jensen v. United Fire & Cas. Co.,* 524 N.W.2d 536 (Minn.App. 1994), *review denied* (Minn. Feb. 3, 1995). In *Jensen,* a father claimed UIM benefits for his daughter under an insurance policy that listed the father's sole proprietorship as the named insured. *Id.* at 539–40. Specifically, the insurance policy listed the named insured as "EAGLE EXCAVATING JENSEN ROGER DBA." *Id.* This court affirmed the district court's grant of summary judgment in favor of the insurer, finding that the named insured was a business, not an individual, and noting the "commercial" nature of the policy. *Id.*

But the language in *Jensen* addressing who is insured when a commercial automobile policy insures a sole proprietorship is contrary to the Minnesota Supreme Court's decision in *Gabrelcik v. Nat'l Indem. Co.,* 269 Minn. 445, 131 N.W.2d 534 (1964). *Gabrelcik* involved a woman who was involved in an accident while driving a car she borrowed from the used-car dealership owned by her husband as a sole proprietor. *Id.* at 445–47, 131 N.W.2d at 535. The woman asserted she was entitled to liability benefits under the substituted vehicle clause of her policy. *Id.* But be-

cause the substituted vehicle clause did not provide coverage where the named insured or the named insured's spouse owned the substituted vehicle, the insurer argued that the woman's husband owned the borrowed car as the sole proprietor of the business, and therefore, the woman was not entitled to coverage. *Id.* The woman argued that her husband did not own the car because it was owned by a separate legal entity—the used-car dealership. *Id.* The Minnesota Supreme Court ruled in favor of the insurer, holding the husband and the used-car dealership were one and the same. *Id.* at 449, 131 N.W.2d at 537.

> Whether the vehicle is registered in the husband's name or in the name of the business which he owns and operates as a sole proprietorship, the result is the same; namely, that this vehicle was owned by the insured's spouse who resides in the same household.

*Id.* at 536.

Here, the district court concluded that because it was a decision of the Minnesota Supreme Court, the holding in *Gabrelcik* is controlling, and Ebertz qualifies as a named insured under the commercial automobile policy. We agree.

A significant majority of authorities support the view that when an insurance policy lists a sole proprietorship's trade name as the "named insured," the policy extends coverage to the sole proprietor as well as the business. For example, in *O'Hanlon v. Hartford Accident & Indem. Co.,* 639 F.2d 1019, 1026 (3d Cir.1981), the Third Circuit held that an insurance policy issued in the insured's trade name, and agreeing to cover the named insured's resident relatives, provided uninsured motorist coverage to the named insured's son. In that case, O'Hanlon sought uninsured motorist coverage under the policy after his son suffered serious injuries. The policy agreed to cover "the Named Insured * * *

and, while residents of the same household, the * * * relatives of [the named insured]." *Id.* at 1026. The policy designated the named insured as "Coe Management Company," the trade name under which O'Hanlon operated his business. *Id.* at 1021. In conducting its analysis, the Third Circuit stated that "an insured's trade name and given name should be equated" and that "where an insured purchases a policy in a trade name, the policy will be viewed as if issued in his given name." *Id.* at 1025.

Similarly, in *Purcell v. Allstate Ins. Co.,* 168 Ga.App. 863, 310 S.E.2d 530, 533 (1983), the Court of Appeals in Georgia held that Purcell was the named insured under a commercial automobile policy listing the named insured as "Purcell Radiator Serv." and that Purcell's wife could recover as a relative of the named insured. The court based its decision primarily on the inability of Purcell Radiator Service, a sole proprietorship with no separate legal identity, to own the vehicle listed in the policy. *Id.* at 532. The court concluded that

> Purcell, as the owner of the vehicle, was the 'entity' to whom the uninsured motorist coverage was extended by Allstate's policy and was the true 'named insured' in that regard.

*Id.*

Numerous other jurisdictions have agreed that policies that list a trade name as the "named insured" extend coverage to the individuals operating those businesses. *See, e.g., Simmons v. Ins. Co. of N. Am.,* 17 P.3d 56, 62 (Alaska 2001) (when a business owner acquires insurance in his trade name, coverage extends to the owner as well as the business); *Bushey v. N. Assurance Co. of Am.,* 362 Md. 626, 766 A.2d 598, 603 (2001) (policy identifying insured as "William Bushey t/a Bushey's Automotive Repair" covers the individual);

*Chmielewski v. Aetna Cas. & Sur. Co.*, 218 Conn. 646, 591 A.2d 101, 113 (1991) ("We also agree that one who operates a business under a trade name is nonetheless an individual insured under a policy issued in that trade name."); *Carlson v. Doekson Gross, Inc.*, 372 N.W.2d 902, 905 (N.D. 1985) ("A sole proprietorship which is conducted under a trade name is not a separate legal entity"); *Patrevito v. Country Mut. Ins. Co.*, 118 Ill.App.3d 573, 74 Ill. Dec. 259, 455 N.E.2d 289, 290–91 (1983) (driver was "named insured" within automobile policy provisions issued to his noncorporate business).

Likewise, several insurance treatises support the proposition that when issuing a policy to an individual operating a business under a trade name, the named insured is the individual. Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* § 110:5 at 110–12, 110–13 (3d ed.1997) (a policy purchased by an insured father in his trade name would be interpreted as issued in his given name, and references to the named insured would be deemed to refer to him individually); Irvin E. Schermer, *Automobile Liability Insurance* § 40.02[2] at 40–13, 40–14 (3d ed.1995); Alan I. Widiss, *Uninsured and Underinsured Motorist Coverage* § 4.4(C) at 62 (2d ed.1985) (when automobile insurance is issued in an insured's trade name, coverage claims by that individual's relatives have usually been sustained).

■ In addition, as an alternative holding, the district court concluded that because the declaration page of the commercial automobile policy states that the named insured is an "Individual" but then lists the named insured as "Outdoor Concepts Joe Ebertz DBA," the language in appellant's policy is ambiguous and must be resolved against the insurer. *See Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989) (courts must construe ambiguous language in an insurance policy against the insurer and in favor of the insured). We agree.

And other jurisdictions have concluded that listing the named insured as an individual d/b/a a trade name results in an ambiguity. In *Stockton v. N.C. Farm Bureau Mut. Ins. Co.*, 139 N.C.App. 196, 532 S.E.2d 566, 568–69 (2000), the North Carolina Court of Appeals concluded that an ambiguity was present when the named insured was listed as "Oak Farm." The court reasoned that "Oak Farm" had no legal existence in itself and the named insured had meaning only in reference to the person who bought the policy and gave the listing as "Oak Farm." *Id.* Likewise, the appeals court in New Jersey concluded that an automobile insurance policy issued to "Mobile Wash Systems," an unincorporated trade name, was ambiguous and the sole proprietor was the named insured. *American Bankers Ins. Co. v. Stack*, 208 N.J.Super. 75, 504 A.2d 1219, 1221–22 (Law Div.1984); *see also Young v. Ray Am., Inc.*, 673 S.W.2d 74, 81 (Mo.Ct.App. 1984) (finding that listing the named insured as "Dennis and Marjorie Klatt, DBA Klatt Real Estate, Inc." created an ambiguity).

In conclusion, following *Gabrelcik*, we hold that the commercial policy at issue that insured "Outdoor Concepts Joe Ebertz DBA" provided coverage for Joe Ebertz, the sole proprietor, as an individual.

## II.

■ Appellant argues that even if we conclude that the commercial automobile policy insures Ebertz as an individual, it is still not liable for payment of benefits. Appellant contends that because Ebertz accepted available coverage under the Allstate policy, requiring appellant to pay

benefits to Ebertz would violate Minnesota's prohibition on stacking. *See* Minn. Stat. § 65B.49, subd. 3a(5) (insured must select any one limit of liability for any one vehicle). We disagree.

Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn. 1998). The anti-stacking provision in section 65B.49, subdivision 3a(5), directs "insureds" to select a limit of liability afforded by a "plan of reparation security." According to Minn.Stat. § 65B.43 (2002), certain words and phrases are defined by statute for the purposes of Minn.Stat. §§ 65B.41 to 65B.71 (2002). Thus, an "insured" is defined by statute as "an insured under a plan of reparation security as provided by sections 65B.41 to 65B.71 * * *." Minn.Stat. § 65B.43, subd. 5 (2002). Moreover, "plan of reparation security" is defined as

> a contract, self-insurance, or other legal means under which there is an obligation to pay the benefits described in section 65B.49 [the anti-stacking provision].

Minn.Stat. § 65B.43, subd. 15 (2002).

Here, Ebertz's Allstate policy is not a plan of reparation security as defined by the statute because there was no obligation for Allstate to pay the benefits described in the Minnesota No–Fault Automobile Insurance Act, Minn.Stat. §§ 65B.41 to 65B.71. The Allstate policy was issued to Ebertz as a Wisconsin resident and is governed by the laws of the State of Wisconsin. Because the Allstate policy is not a "plan of reparation security," Ebertz is not an "insured" for the purposes of the Minnesota No–Fault Automobile Insurance Act. Thus, the restrictive language of the anti-stacking provision in Minn.Stat. § 65B.49, subd. 3a(5), does not apply to Ebertz. We therefore conclude that Ebertz did not waive his claims against appellant or make an election in accepting the available coverage under the Allstate policy issued pursuant to the laws of Wisconsin.

Finally, appellant argues that the district court erred by refusing to award it an offset from the UIM benefits Ebertz recovered under the Allstate policy. But this argument relates to damages and the ultimate amount of recovery, issues that are not before us in this appeal of a declaratory-judgment action brought to determine liability. Thus, we grant respondents' motion to strike appellant's May 2, 2003, letter submission on the ground that the issue it raises was not presented to the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988).

## DECISION

The district court properly held that Ebertz is an "insured" under the commercial automobile insurance policy. And Ebertz did not waive his claims against appellant by accepting benefits under the Allstate policy, which was issued pursuant to the laws of Wisconsin.

**Affirmed; motion granted.**