936 So.2d 43 (2006)
James D. STERLING and Carolyn, Sterling, as Parents and Natural Guardians of James D. Sterling, Jr., a minor; and James D. Sterling and Carolyn Sterling, individually, Appellants,
v.
The OHIO CASUALTY INSURANCE COMPANY, Appellee.
No. 2D05-1875.
District Court of Appeal of Florida, Second District.
July 21, 2006.
Rehearing Denied August 25, 2006.
George A. Vaka of Vaka, Larson & Johnson, P.L., Tampa, for Appellant.
*44 Wayne Tosko of Vasquez & Tosko, LLP, Orlando, for Appellee.
WALLACE, Judge.
James D. Sterling and Carolyn Sterling appeal a final summary judgment in favor of The Ohio Casualty Insurance Company. The trial court declared that the underinsured motorist coverage provided by Ohio Casualty on a business automobile insurance policy issued to "James D. Sterling, d/b/a J.D.'s Backhoe Service" did not provide coverage for the Sterlings' minor son when, as a pedestrian, he was struck by an underinsured motorist. We affirm. A business automobile insurance policy issued in Florida insuring exclusively business or commercial vehicles is not statutorily compelled to utilize a definition of "insured" that would provide uninsured or underinsured motorist coverage to a family member of the owner of the insured commercial vehicle when the family member is struck as a pedestrian. Ohio Casualty's policy did not voluntarily provide coverage for this claim. If the Sterlings desired to have higher limits of uninsured motorist coverage, they were free to purchase that coverage on their family automobiles.
On December 14, 2002, the Sterlings' minor son was walking near the intersection of Bell Tower Road and State Road 674 in Hillsborough County when he was struck by a vehicle driven by Crystal Freitas. Freitas had liability insurance on her vehicle, but it was insufficient to cover the damages sustained by the Sterlings' son.
At the time of the accident, the Sterlings had two insurance policies that had been obtained from an independent insurance agent. Southern-Owners Insurance Company, a member of the Auto-Owners Insurance Group, had issued a policy to "James D. & Carolyn Sterling" that provided coverage on two family automobiles, one driven for pleasure and the other driven to work or school. The policy provided uninsured motorist coverage in the amount of $50,000 per person on each of the two vehicles. This coverage stacked to provide $100,000 in total underinsured motorist coverage for this claim. The Sterlings paid a premium for this coverage of approximately $150 for a six-month term. The Sterlings settled their claim with Auto-Owners during the pendency of the proceedings in the trial court. There is no dispute that this policy, providing family automobile insurance coverage, was required to insure family members for such claims.
Mr. Sterling had obtained a second insurance policy, issued by Ohio Casualty, on a Ford F450 flatbed truck and a "gooseneck" trailer. This policy was issued with a declarations page entitled "Business Automobile Policy Declarations," and the coverage was provided using a standard "Business Auto Coverage Form" that is copyrighted by the Insurance Services Office and identified as form CA 00 01 07 97. The named insured on this policy is "James D. Sterling, d/b/a J.D.'s Backhoe Service." This policy provides $300,000 in uninsured motorist coverage on the truck at an annual cost of $106. It did not provide or charge for uninsured motorist coverage on the trailer.[1] The description of "covered autos" for this policy included only those autos described on the declarations page.
The liability coverage in the Ohio Casualty policy covered Mr. Sterling as the named insured, anyone driving the scheduled vehicles with his permission, employees under certain circumstances, and a few *45 other narrow categories of people. Unlike a family automobile insurance policy, this business policy did not provide liability coverage for the family members of the named insured.
The uninsured and underinsured motorist coverage was provided on a form identified as form CA 86 14 02 01, entitled "Florida Uninsured Motorists Coverage Non-Stacked." This form indicates that it is to be used with a business auto coverage form. In this form, Ohio Casualty agrees to "pay all sums the `insured' is legally entitled to recover . . . from the owner or driver of an `uninsured motor vehicle.'" The definition of "insured" for purposes of this uninsured motorist coverage included anyone occupying a covered auto or occupying a temporary substitute for such an auto. It also covered anyone entitled to recover damages because of bodily injury sustained by an insured occupying such an auto. The policy does not expressly cover the family members of the named insured.
The policy was also issued with a form identified as form NP 71 13 05 01 and entitled "An Important Notice to Our Commercial Automobile Policyholders Regarding Changes to Your Uninsured Motorist Coverage." This notice states:
The intent of Uninsured and/or Underinsured Motorist Coverage on a Commercial Automobile Policy is to cover you or your employees while operating or occupying an owned automobile described on the policy. Court decisions in other jurisdictions have expanded the scope of the Uninsured/Underinsured Motorist Coverage beyond this intent. The Courts have ruled that the language in the Commercial Automobile Uninsured/Underinsured Motorist Covered endorsement was confusing. As a result of the confusing language, the Courts went on to say that employees of a business were entitled to the Uninsured/Underinsured Motorist Coverage of the employer's Commercial Automobile policy while operating a non-business owned automobile for non-business purposes.
This broadening of coverage, unless corrected, will result in higher insurance premiums and increased legal fees for you and your business.
We want to help you protect what's yours, so in response to these decisions, we have corrected the confusing language and returned the scope of Uninsured/Underinsured Motorist Coverage to its original intent. The Uninsured/Underinsured Motorist endorsement attached will only provide Uninsured/Underinsured Motorist Coverage to you or your employees while operating or occupying an owned auto described on the policy.
If you feel there is a need to extend any of the coverages of your Commercial Auto Policy to you or your employees for the use of any other automobile not described on the policy, we suggest you consult with your agent for assistance and guidance.
The Sterlings made a claim for underinsured motorist benefits under both the Auto-Owners and the Ohio Casualty insurance policies. When Ohio Casualty declined to provide uninsured motorist coverage for the Sterlings' claim, they filed an action for declaratory relief. The action also sought coverage from Auto-Owners. Both insurance policies were properly attached to the complaint. As explained earlier, the action against Auto-Owners settled. Thereafter, both the Sterlings and Ohio Casualty filed motions for summary judgment that are essentially motions for judgment on the pleadings because neither party relies on facts or matters beyond the content of the complaint and the insurance policies attached to the complaint. The *46 trial court ruled in favor of Ohio Casualty, and the Sterlings appeal that judgment.
On appeal, the Sterlings do not claim that the language of the business automobile policy is ambiguous. They recognize that Ohio Casualty wrote the policy to exclude coverage for the claim of the Sterlings' son as a pedestrian. They argue that Florida law and the public policies surrounding that law prohibit Ohio Casualty from issuing such a policy and that the policy must be construed to provide coverage to the Sterlings' son as a "Class I" insured. We disagree.
Section 627.727(1), Florida Statutes (2002), states, in relevant part:
No motor vehicle liability insurance policy which provides bodily injury liability coverage shall be delivered or issued for delivery in this state with respect to any specifically insured or identified motor vehicle registered or principally garaged in this state unless uninsured motor vehicle coverage is provided therein or supplemental thereto for the protection of persons insured thereunder . . . .
This statute has never mandated that specific persons be included in the policy's definition of "persons insured thereunder." No other statute requires a special definition of insured either for liability or uninsured motorist coverage. We note that the Florida Motor Vehicle No-Fault Law expressly requires PIP coverage on a motor vehicle policy to insure "the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle." § 627.736(1), Fla. Stat. (2002). Thus, in at least one circumstance in which the legislature intended to mandate the definition of "insured," it has done so expressly.
The Sterlings argue that the language in section 627.727(9)(d), which allows an insurance company to issue policies excluding coverage for "the named insured or family members residing in her or his household" under certain circumstances, compels all other policies issued to individuals to be written using the definition of "insured" that is appropriate for a family automobile insurance policy even if the vehicle is a business motor vehicle. The fact that the legislature approved this limitation on coverage does not suggest to this court that it intended to compel coverage in a business insurance policy for risks beyond the needs of a business.
In the absence of a statutory requirement, the Sterlings argue that Florida has announced a strong public policy favoring uninsured motorist coverage in Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla.1971). There is no question that the courts favor uninsured motorist coverage, but even in Mullis the court described this coverage as "family protection." Id. at 233. The concept of providing coverage to family residents in the household of the named insured was based on the fact that the liability coverage in a family policy provided protection for family members. Even when the supreme court clarified the scope of this coverage in Government Employees Insurance Co. v. Douglas, 654 So.2d 118 (Fla. 1995), it did so in the context of family automobile coverage. Admittedly, much of our case law and even portions of the statute are written with the expectation that the law applies to family automobile insurance policies, but we are unconvinced that this fact prohibits unincorporated businesses from purchasing the same business-oriented policies that are purchased by corporations. See Liberty Mut. Ins. Co. v. Weiss, 790 So.2d 475 (Fla. 3d DCA 2001) (business automobile policy did not provide UM coverage for pedestrian who was not insured thereunder). The holdings in Mullis and Douglas do not require an insurer to provide uninsured motorist *47 coverage using a definition of "insured" in a business automobile policy that is a substantial expansion of the definition normally used in a business policy. The courts of Florida have never held that an unincorporated business must purchase a more expensive insurance policy covering nonbusiness risks unless it takes special steps to opt out of that coverage.[2]
The leading treatise on uninsured motorist insurance observes:
When a motor vehicle insurance policy is issued to a partnership, the courts have usually concluded that it is appropriate to extend coverage to family members of the partners. Similarly, when insuranceacquired by the owner of a businessis issued in the trade name of the owner, coverage claims by that individual's relatives have usually been sustained.
1 Alan I. Widiss & Jeffrey E. Thomas, Uninsured and Underinsured Motorist Insurance § 4.4, at 99-100 (rev.3d ed.) (footnote omitted). The cases cited for that proposition, however, seem to be distinguishable from the facts in this case. In several cases, the insurance policy expressly stated that if issued to an individual, coverage would extend to family members. See O'Hanlon v. Hartford Accident & Indem. Co., 639 F.2d 1019 (3d Cir.1981) (applying Delaware law); Gallups v. Aetna Cas. & Sur. Co., 513 F.Supp. 1074 (N.D.Ala.1981); Bushey v. N. Assurance Co. of Am., 362 Md. 626, 766 A.2d 598 (2001). We agree that the language of the insurance policy would control in such a situation, but the language of the policy in this case without ambiguity does not insure the Sterlings' child.
In Patrevito v. Country Mutual Insurance Co., 118 Ill.App.3d 573, 74 Ill.Dec. 259, 455 N.E.2d 289 (1983), the court held that uninsured motorist coverage should be available for the individual who was actually the named insured on a policy issued in the name of the individual unincorporated business. It reasoned correctly that the trade name was not a separate entity and that the person insured was the individual who was doing business using the trade name. In this case, if Mr. Sterling had been the pedestrian, rather than his family member, coverage may have existed. The issue in this case, however, is not whether a trade name is a separate entity but whether a business automobile policy issued exclusively on commercial vehicles must use a definition of insured that includes the business owner's family members. Nothing in the Florida statutes or the courts' expressed public policies would appear to compel such a result.
Because the Sterlings also sued the insurer providing their family automobile coverage, this case clearly demonstrates that individuals have the ability to provide adequate uninsured motorist coverage for their families without intermingling family and business expenses. We emphasize that this is not a case in which a family placed its personal vehicle on a business policy. No one suggests that the insurance company issued an improper insurance policy. The flatbed truck was a business vehicle, and nothing in Florida law appears to compel an insurance company to issue uninsured motorist coverage on such a vehicle as if it were a family car.
Affirmed.
FULMER, C.J., and CANADY, J., Concur.
NOTES
[1] A trailer is not self-propelled and has no motor. No one argues in this case that the policy was required to provide uninsured motorist coverage on a trailer.
[2] If the courts were to so hold in the absence of an express statute, it is an interesting question how a business would prorate the cost of the policy for tax and accounting purposes to separate the deductible business expense from the nondeductible family expense.