Charles R. HORNBERGER, Respondent,

v.

Erica L. WENDEL, et al., Respondents,

Corey M. Seymour, Appellant.

No. A08–0903.

Court of Appeals of Minnesota.

April 14, 2009.

Sharon L. Van Dyck, Minneapolis and Kristen K. Naros, Bloomington, for respondent Hornberger.

Michael W. Lowden, Minnetonka, for respondents Eric Wendel and Erica Wendel.

William K. Strifert, Kirsten E. Pranschke, Minneapolis, for appellant.

Joel M. Frye, Steven R. Schwegman, St. Cloud, amicus curiae, for Minnesota Defense Lawyers Association.

Considered and decided by SHUMAKER, Presiding Judge; STONEBURNER, Judge; and COLLINS, Judge.

## OPINION

COLLINS, Judge.*

In this appeal from a default judgment, appellant challenges the district court's determinations that (1) appellant had been effectively served with process by publication and (2) no attorney-client relationship existed between appellant and the defense counsel retained by appellant's liability insurer. We reverse and remand.

## FACTS

Appellant Corey Seymour was involved in a motor-vehicle accident in October 2004. According to respondent Erica Wendel, appellant caused her to swerve into another lane where her vehicle collided with the vehicle driven by respondent Charles Hornberger. Appellant reported the accident to his liability insurer, Progressive Northwestern Insurance Company (Progressive).

Hornberger sought to assert a claim against appellant. After failing to find appellant, including through Internet searches and use of a private search firm, Hornberger's attorney filed an affidavit with the district court regarding her inability to locate appellant, and ostensibly

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

served appellant with a summons and complaint by publication.

In September 2006, Hornberger's attorney informed Progressive of her representation and the assertion of Hornberger's claims against appellant. Progressive then retained the Strifert Law Firm (Strifert) to defend appellant. Strifert served opposing counsel with appellant's answer to Hornberger's complaint, impleading Wendel by cross-claim. The parties conducted discovery with Strifert representing appellant. After appellant failed to appear for his deposition in May 2007, Strifert informed opposing counsel that it had never been able to make contact with appellant.

In August 2007, Strifert moved for dismissal of the complaint based on insufficient service of process and lack of jurisdiction. Following the hearing, the district court concluded that appellant had been properly served by publication and that Strifert did not have authority to act on behalf of appellant because (1) no attorney-client relationship had been created and (2) Strifert had not made contact with appellant and, thus, had not obtained appellant's informed consent to represent Progressive as well as appellant in light of the inherent conflicts of interest emanating from dual representation. The district court also found that appellant had not met his discovery obligations. Based on these findings, the district court denied appellant's motion to dismiss and ordered appellant to submit to his deposition or have his answer stricken. Also, the district court ordered Strifert to pay attorney fees and costs incurred by Wendel and Hornberger as a sanction for Strifert's unauthorized representation of appellant.

After appellant failed to appear for his rescheduled deposition, the district court ordered that appellant's answer be stricken, thus entitling Hornberger to a judgment by default. The district court subsequently found that the accident was caused by appellant's negligence, determined that Hornberger had sustained permanent injury, and ordered judgment for damages, costs, and disbursements totaling $125,723.35. This appeal followed.

## ISSUES

I. Did the district court err by concluding that appellant had been effectively served by publication?

II. Did the district court err by ruling that no attorney-client relationship existed between Strifert and appellant and assessing fees and costs against Strifert?

III. Did the district court abuse its discretion by striking appellant's answer and ultimately ordering the entry of default judgment against appellant?

## ANALYSIS

### I.

■■■ "Determination of whether service of process was proper is a question of law reviewed de novo." *Turek v. A.S.P. of Moorhead, Inc.*, 618 N.W.2d 609, 611 (Minn.App.2000), *review denied* (Minn. Jan. 26, 2001). "Service by publication shall be sufficient to confer jurisdiction: (1) When the defendant is a resident individual domiciliary having departed from the state with intent to defraud creditors, or to avoid service, or remains concealed therein with the like intent[.]" Minn. R. Civ. P. 4.04(a)(1).

> The affidavit [in support of service by publication] shall state the existence of one of the enumerated cases, and that affiant believes the defendant is not a resident of the state or cannot be found therein, and either that the affiant has mailed a copy of the summons to the defendant at the defendant's place of

residence or that such residence is not known to the affiant.

Minn. R. Civ. P. 4.04(a)(5). "The plain language of [Minn. R. Civ. P. 4.04(a)] indicates that service by publication does not confer jurisdiction unless one of five specific circumstances actually exists." *Shamrock Dev. Inc. v. Smith*, 754 N.W.2d 377, 383 (Minn.2008).

> [T]he rule provides that "[t]he summons may be served by three weeks' published notice *in any of the cases enumerated* herein when the complaint and an affidavit of the plaintiff or the plaintiff's attorney have been filed with the court." This language indicates that the existence of one of the enumerated circumstances is a necessary condition for service of process by publication to confer jurisdiction.

*Id.* (quoting Minn. R. Civ. P. 4.04(a)). "Because service by publication is in derogation of the common law, the prescribed requirements for such service must be strictly complied with." *Id.* at 382 (quotations omitted).

■ Hornberger's attorney filed an affidavit in support of service by publication, which stated that appellant "is not a resident of the state or cannot otherwise be found therein" and that appellant "has departed from the state with intent to avoid service or remains concealed herein with like intent." The district court found that "[Hornberger] took all appropriate action to serve [appellant] by publication" and that appellant was thus properly served, but did not elaborate on these findings.

In *Shamrock* (filed subsequent to the entry of default judgment in this case), the supreme court held that "[r]ule 4.04(a) is not satisfied if the affiant merely affirms that he 'believes' that one of the enumerated circumstances exist. The essential jurisdictional facts ... must actually exist in order to confer jurisdiction." *Id.* at 383.

The supreme court observed that although the district court found that the supporting affidavit stated that the person being served had left the state with the required intent, the district court "did not find that the allegations in the affidavit were true or that [the person being served] had in fact departed the state with such intent." *Id.* at 385. Because the district court had not made the necessary findings regarding whether the enumerated circumstances existed, the supreme court remanded the case for such determination. *Id.* As in *Shamrock*, an affidavit supporting service by publication was submitted here stating that the affiant believed that appellant had the required intent, but the district court did not make findings regarding whether appellant had departed the state or remained concealed within the state with intent to avoid service. Absent such findings, the district court erred by concluding that appellant had been effectively served by publication.

## II.

■ We next review the district court's ruling that Strifert did not have authority to act on appellant's behalf, as his attorney, and its order that Strifert pay attorney fees and costs pursuant to Minn.Stat. § 481.09 (2008). "Construction of an insurance policy involves a question of law." *Gen. Cas. Co. of Wis. v. Outdoor Concepts*, 667 N.W.2d 441, 443 (Minn.App. 2003). "Where there is no dispute as to the material facts, this court independently reviews the district court's interpretation of the insurance contract de novo." *Andrew L. Youngquist, Inc. v. Cincinnati Ins. Co.*, 625 N.W.2d 178, 183 (Minn.App. 2001).

■ Pursuant to appellant's liability insurance policy, Progressive retained Strifert to defend appellant against Horn-

berger's claims. "The obligation to defend is contractual in nature and is determined by the allegations of the complaint and the indemnity coverage of the policy." *Prahm v. Rupp Constr. Co.*, 277 N.W.2d 389, 390 (Minn.1979). Under the insurance policy here, Progressive agreed to provide for appellant's defense against claims, as well as indemnity for damages, arising out of an automobile accident, stating that Progressive "will settle or defend, at our option, any claim for damages," and "will pay for ... all expenses that we incur in the settlement of any claim or defense of any lawsuit."

"Once an insurer receives notice of a suit, it is responsible for defending the insured unless the insured explicitly refuses the insurer an opportunity to defend." *Home Ins. Co. v. Nat'l Union Fire Ins. of Pittsburgh*, 658 N.W.2d 522, 533 (Minn.2003).[1] "Nor will we create a rule that 'interpret[s] an insured's silence as a statement of intent to forgo the insurer's assistance.' " *Id.* (quoting *Cincinnati Cos. v. W. Am. Ins. Co.*, 183 Ill.2d 317, 233 Ill.Dec. 649, 701 N.E.2d 499, 505 (1998)). "Once notice is given, even without an express request for a defense, it should be the responsibility of the insurer to contact the insured to determine whether the insurer's assistance in the suit is required." *Id.* Thus, Progressive had a duty to defend appellant; had Progressive failed to do so, appellant could have sued for breach of the duty to defend, *SCSC Corp. v. Allied Mut. Ins. Co.*, 536 N.W.2d 305, 316 (Minn. 1995), as well as recover attorney fees incurred in a declaratory-judgment action against the insurer, *Morrison v. Swenson*, 274 Minn. 127, 137–38, 142 N.W.2d 640, 647 (1966).

"It is well-established under our case law that *defense counsel hired by an insurer to defend a claim against its insured represents the insured.*" *Pine Island Farmers Coop v. Erstad & Riemer, P.A.*, 649 N.W.2d 444, 449 (Minn.2002) (emphasis added). "[I]t is clear that in an insurance defense scenario, defense counsel has an attorney-client relationship with the insured." *Id.* "Because defense counsel has an attorney-client relationship with the insured, defense counsel owes a duty of undivided loyalty to the insured and must faithfully represent the insured's interests." *Id.*

After reasoning that an attorney retained by the insurer to defend an insured represents the insured, the *Pine Island* court observed that conflicts of interest can arise among the insured, insurer, and defense counsel because of the tripartite relationship. *Id.* at 450. Liability insurers may participate in and control the defense, and the interests of the insurer and the insured may conflict. *Id.* However, the supreme court recognized that dual representation of the insured and insurer is possible, in the absence of a conflict of interest, if there is a consultation with the insured as to the advantages and risks involved in dual representation, and if the insured gives express consent. *Id.* at 452.

Here, the district court, relying primarily on *Pine Island*, found that Strifert represented Progressive and concluded that (1) because Strifert had not obtained appellant's informed consent, it did not have authority to act on appellant's behalf and (2) no attorney-client relationship existed between Strifert and appellant. But in *Pine Island*, the supreme court required

---

**1.** Generally, an insured must tender the defense to the insurer before the duty to defend arises. *See Home Ins. Co.*, 658 N.W.2d at 531. Here there is no contention that appellant did not properly tender the defense; indeed, Progressive undertook the defense and retained Strifert to represent appellant.

consultation and the insured's consent before the defense counsel could represent the *insurer*; it did not require the same for representation of the *insured*. As a matter of law, defense counsel represents the insured. Thus, the district court's reliance on *Pine Island* for the proposition that no attorney-client relationship existed between Strifert and appellant was erroneous, as was its conclusion that Strifert was without authority to act on behalf of appellant.

Under Minn.Stat. § 481.09, the district court ordered Strifert to pay attorney fees and costs that were incurred based on what the district court characterized as Strifert's unauthorized acts. Because Strifert had the authority to act on appellant's behalf, we reverse the award of these fees and costs.

### III.

■ In reviewing the denial of a motion to vacate a default judgment, we determine whether the district court abused its discretion. *Foerster v. Folland*, 498 N.W.2d 459, 460 (Minn.1993). The general rule in Minnesota is that an imposition of discovery sanctions is within the district court's discretion. *See, e.g., Przymus v. Comm'r of Pub. Safety*, 488 N.W.2d 829, 832 (Minn.App.1992), *review denied* (Minn. Sept. 15, 1992). When a party who has been served with proper notice fails to appear for a deposition or to serve answers or objections to interrogatories, the district court "may make such orders in regard to the failure as are just, including any action authorized in Rule 37.02(b)(1), (2), and (3)." Minn. R. Civ. P. 37.04. Rule 37.02(b)(1), (2), and (3) provide for nonmonetary sanctions, including dismissal of the action and striking pleadings.

> In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney · fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Minn. R. Civ. P. 37.04.

The district court struck appellant's answer and cross-claim when appellant failed to appear for a deposition after being ordered to do so or risk having these pleadings stricken under Minn. R. Civ. P. 37.02. The district court subsequently granted default judgment in favor of Hornberger.

■ The rules permit the district court to strike a pleading of a party who has not been responsive to discovery requests or orders. Application of rule 37.02 is contingent, however, on the pendency of an effectively commenced action. Thus, this issue is not ripe for appellate review pending further findings and the determination of whether appellant was properly served by publication.

## D E C I S I O N

When Progressive retained Strifert to defend against Hornberger's claims pursuant to appellant's liability insurance policy, an attorney-client relationship was created between Strifert and appellant as a matter of law. Because the attorney-client relationship existed, the district court erred by sanctioning Strifert for unauthorized representation of appellant. Because the district court did not make findings regarding the existence of an enumerated circumstance warranting service of process by publication, on remand the district court must first reconsider appellant's motion for dismissal and determine whether this action was effectively commenced.

**Reversed and remanded.**