NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

OWNERS INSURANCE
COMPANY,

      Appellant,

v.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY and
JAMES M. HORNE, JR.,

      Appellees.

Case No. 2D18-2309

Opinion filed October 25, 2019.

Appeal from the Circuit Court for
Manatee County; Gilbert Smith, Jr.,
Judge.

Patricia D. Crauwels, Josh R. Dell, and
Arthur S. Hardy of Matthews Eastmoore,
Sarasota, for Appellant.

DeeAnn J. McLemore and Charles W.
Hall of Banker Lopez Gassler P.A., Saint
Petersburg, and Jaime Delgado of
Kallins, Little & Delgado, P.A., Palmetto,
for Appellee Allstate Fire and Casualty
Insurance Company.

No appearance for Appellee James M.
Horne, Jr.

ATKINSON, Judge.

Owners Insurance Company (Owners) appeals the entry of a final summary judgment in favor of Allstate Fire and Casualty Insurance Company (Allstate) in an action filed by Allstate against Owners and Allstate's insured, James M. Horne, Jr. (Horne). At the time of his automobile accident, Horne resided with his mother and stepfather, who had an automobile insurance policy with Owners. Allstate sought a declaration that Horne was covered under the Owners policy for injuries he suffered in the accident. The Owners policy covered resident relatives, but only those "relatives who do not own an automobile." Horne owned an automobile at the time of the accident. Nonetheless, the trial court concluded that the Owners policy provided uninsured motorist (UM) coverage to Horne. We reverse.

This appeal presents the following legal question, which we review de novo and answer in the affirmative: May an insurer exclude a resident relative who owns an automobile from UM coverage without complying with the informed-acceptance and reduced-premium requirements of section 627.727(9), Florida Statutes (2013), if the policy does not provide liability coverage to that resident relative? See Tara Woods SPE, LLC v. Cashin, 116 So. 3d 492, 497 (Fla. 2d DCA 2013) ("[T]he circuit court's conclusions of law, when based on its interpretation of statutes and written agreements and contracts, are reviewed de novo.").

Under Florida law, if a motor vehicle insurance policy provides liability coverage to a resident relative, then it must also extend the same level of UM coverage. See § 627.727(1); Flores v. Allstate Ins. Co., 819 So. 2d 740, 744 (Fla. 2002) ("[U]ninsured motorist coverage . . . is statutorily intended to provide the reciprocal or

mutual equivalent of automobile liability coverage . . . ." (quoting Mullis v. State Farm Mut. Auto. Ins. Co., 252 So. 2d 229, 237–38 (Fla. 1971)).  A policy may include specified provisions that exclude certain insureds from UM coverage if the named insured knowingly accepts such a limitation and the insurer offers a reduced premium rate.  See § 627.727(9); Gov't Emps. Ins. Co. v. Douglas, 654 So. 2d 118, 120 (Fla. 1995) ("[T]o limit coverage validly, the insurer must satisfy the statutorily-mandated requirement of notice to the insured and obtain a knowing acceptance of the limited coverage . . . [and must] file revised, decreased premium rates for such policies.").

Owners neither obtained the informed acceptance nor provided the reduced rate required of insurers that include the statutory exceptions to the UM-coverage mandate in their policies.  See § 627.727(9).  Allstate contends that this renders invalid the Owners policy's exclusion of resident relatives who own a vehicle.  However, Owners did not need to rely on a statutory exception because UM coverage for Horne was not mandated in the first place.  Section 627.727(1) requires policies to include UM coverage for "persons insured thereunder."  Because Horne owned his own automobile, he was not an insured under the policy.  Because the policy did not provide Horne with bodily liability coverage, there was nothing to which UM coverage was required to be the "mutual equivalent."  See Flores, 819 So. 2d at 744; § 627.727(1).

Section 627.727 does not require insurance companies to provide coverage to all resident relatives.  See Sterling v. Ohio Cas. Ins. Co., 936 So. 2d 43, 46 (Fla. 2d DCA 2006) ("[Section 627.727] has never mandated that specific persons be included in the policy's definition of 'persons insured thereunder.' "); see also France v. Liberty Mut. Ins. Co., 380 So. 2d 1155, 1156 (Fla. 3d DCA 1980) ("[U]nlike [Mullis], upon

- 3 -

which France relies, she is not an insured within the terms of Liberty Mutual's policy inasmuch as she owned an automobile and was not a 'relative' within the definition of the policy."). "[S]ection 627.727(1) does not establish a mandatory scope of coverage" but requires that "uninsured motorist coverage must be extended to family members if they are included in the basic liability coverage provisions of the policy." Lewis v. Cincinnati Ins. Co., 503 So. 2d 908, 910 (Fla. 5th DCA 1987) (emphasis added); see also Douglas, 654 So. 2d at 120 ("Uninsured motorist protection . . . protects the named insured or insured members of his family . . . ." (emphasis added) (quoting Coleman v. Fla. Ins. Guar. Ass'n, 517 So. 2d 686, 689 (Fla. 1988))); cf. Rando v. Gov't Emps. Ins. Co., 39 So. 3d 244, 251 (Fla. 2010) (Canady, J., dissenting) ("Nothing . . . suggests that the subsidiary regulatory provision in [section 627.727](9) reaches further than the underlying regulatory provision in [section 627.727](1).").

If a policy does not provide liability coverage to certain resident relatives, then there is no mandate requiring UM coverage for those resident relatives. As such, the trial court erred by granting summary judgment in favor of Allstate. We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

VILLANTI and ROTHSTEIN-YOUAKIM, JJ., Concur.